[No. 6865. Decided May 15, 1908.]

E. H. CAMP et al., Appellants, v. E. C. NEUFELDER et al., Respondents.[1]

CONTRACTS — PERFORMANCE — OPTIONAL CONTRACT — APPROVAL OF ARCHITECT—ARBITRARY ACTION—EXTRAS. Where a building contract provides that the work must be performed to the satisfaction of the architect, he represents the owner as agent, and the contractor may treat the architect's arbitrary direction to use a certain class of material, as to which the contract gives the contractor an option, as a direction by the owner to disregard the contract, for which work extra compensation may be recovered, if extra costs result to the contractor therefrom.

SAME—REMEDIES OF CONTRACTOR—LIENS FOR EXTRAS—MECHANICS' LIENS. In such a case, it is not a valid objection to a claim for a lien for the extra compensation that the same was waived by complying with the direction of the architect, as the contractor may pursue either the remedy of a lien for the extra work, or refuse to comply with the direction and recover on the contract.

SAME—CONSTRUCTION OF CONTRACT. Where a building contract provides that certain sidewalk lights shall be "the W. B. J. make, or equal" it gives the contractor an option; and the arbitrary action of the architect in insisting that no other make was equal, and refusing to allow an "equal" make to be used, cannot be justified by a clause providing that the contract shall be performed to the satisfaction of the architect.

MOUNT and RUDKIN, JJ., dissent.

[1]Reported in 95 Pac. 640.

Appeal from a judgment of the superior court for King county, Griffin, J., entered March 7, 1907, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien. Reversed.

*Carkeek & McDonald,* for appellants.

*Roberts & Hulbert (Kerr & McCord,* of counsel), for respondents.

FULLERTON, J.—On February 15, 1905, the respondent Neufelder entered into a contract with the respondent F. McLellan & Co., by the terms of which the latter agreed to furnish the necessary materials and reconstruct and remodel, according to plans and specifications agreed upon, a certain building owned by the former, situated in the city of Seattle. F. McLellan & Co. sublet the furnishing and putting in place of a part of the required materials to the appellants, Camp and TeRoller, and among the enumerated articles to be furnished and put in place by them were certain prism lights. These were described in the specifications in the following language:

"All sidewalk lights to be 3x3 inches reflecting prism lens set in cement; all frames to be what is known as bar-lock construction. All joints must be made and guaranteed water tight. These lights shall be of the W. B. Jackson make, or equal, and shall be constructed to carry a safe load of 350 lbs. per sq. ft."

The contract provided that the work must be performed to the satisfaction of the architect named in the contract, who had the right to approve or reject any and all work. When the appellants in the course of their work reached the sidewalk, they informed the architect that they had several prism lights equal to the W. B. Jackson light which they wished to submit to the judgment of the architect that a selection might be made therefrom. The architect refused to examine

or consider them, stating in effect that there were no prism lights equal to the W. B. Jackson light, and that no other or different light would be accepted or approved by him. The appellants thereupon put in the W. B. Jackson lights, at a cost, as they claim, of some six hundred dollars more than lights equal to the W. B. Jackson lights would have cost them, and subsequently claimed this amount as an extra, filing a lien upon the building to secure the payment of the same. This action was instituted to foreclose the lien so filed. At the trial the court refused to allow the appellants to show that there are lights equal to the W. B. Jackson light that could have been procured and put in by them at a saving to themselves; holding that since the lights were actually put in and were lights permitted by the contract, no right of action accrued to them to recover the extra costs. Judgment was entered accordingly, from which this appeal is taken.

The respondents present the case in this court on somewhat different grounds from that taken by the trial judge. Although they do not entirely abandon the position taken by him, they contend, (1) that a proper construction of .the specifications calls for the installation of the W. B. Jackson lights if they are procurable, and the substitution of others only in the case that these lights cannot be obtained; and (2) that since the contractors were bound to complete the building to the satisfaction of the architect, his decision on the question of the character of the lights to be put in was final, and the contractors for that reason have no cause of complaint.

But it has seemed to us that neither the reason given by the trial judge nor the reasons suggested by the respondents justify the judgment entered. The mere fact that the contractors put in the W. B. Jackson lights at the instigation of the architect does not estop them from claiming of the owner the loss sustained thereby. The architect, while he stood in the relation of umpire in some of his aspects under the contract, stood in the relation of agent for the owner in

this instance. That is to say, he was the person selected by the owner to determine the character of the material that should go into the work, and in this respect was the owner's agent, and in the performance of this duty was as much bound to act fairly and impartially as the owner would himself be bound had there been no selection of an intermediary. The contractor, therefore, had the right to treat the direction given by the architect as a direction given by the owner, and can recover any loss suffered because thereof if the direction was so far arbitrary as to be without the terms of the contract. No doubt the contractors could have very properly put in lights equal to the W. B. Jackson lights, and recovered on the contract by showing that the architect's objections thereto were arbitrary and not in the exercise of an independent and honest judgment, but this was not their only remedy; they were justified in obeying the architect's instructions, and in seeking to recover the loss sustained thereby.

Nor can we agree that the respondents' interpretation of this clause in the specifications is correct. Manifestly the appellants were given the option either to put in the W. B. Jackson lights or lights equal to the W. B. Jackson lights. And this being so, the installation of either would be a compliance with the contract.

The last objection made by the respondents, while of more moment, seems to us also to be without foundation. While it is true that the contractors were bound to perform to the satisfaction of the architect, yet it was equally true that they had a right to demand that he exercise an independent and honest judgment, and that he should not arbitrarily refuse to consider or determine matters submitted to his judgment. If the contractors did in fact produce lights equal to the W. B. Jackson light they had the right not only to install them but the right to have the architect's approval of them before they were installed, and it was the architect's duty to give them the benefit of his honest judgment in passing upon the character of the lights produced. If he did not do this, but arbitrarily re-

fused to consider or pass upon them, and arbitrarily directed that the W. B. Jackson lights be put in, his conduct was so. far a fraud upon the rights of the contractors as to entitle them to submit to the courts the question whether or not the lights they desired to substitute were lights proper to be installed under the contract, and whether or not they have suffered loss by the architect's action.

The judgment is reversed, and the cause remanded for a new trial.

HADLEY, C. J., CROW, ROOT, and DUNBAR, JJ., concur.

MOUNT, J. (dissenting)—The appellants in this case did what they agreed to do for a fixed price. They did no more. But they seek now to claim a greater price and to foreclose a lien for the excess, because they could have furnished another make of prism light at a cheaper price. The mere statement of the proposition ought to be sufficient to affirm the judgment. But assuming that the appellants had a right under the contract to substitute some other light for the "Jackson light," one equal to that light, the contract does not provide that the appellants shall decide upon the substitute, but expressly provides that the work shall "be performed to the satisfaction of the architect." Whether the architect is the agent of the owner makes no difference here. If the agreement had provided that the work must be performed to the satisfaction of the owner, he would then decide which light was satisfactory, and he might do so arbitrarily as the architect did, so long as he did so in good faith. *Childs Lumber & Mfg. Co. v. Page*, 28 Wash. 128, 68 Pac. 373; 24 Am. & Eng. Ency. Law (2d ed.), p. 1236. It is clear to my mind that the respondents desired a certain kind of building with certain named sidewalk light, "W. B. Jackson make, or equal," and that the contract reserved the right to the architect to be satisfied when some light other than the particular one specified was offered to be substituted. The contract was entered into, of course, upon the basis of the cost of the "Jackson make,"

and the respondents had a right to that particular light, or to be satisfied with some other make.

The judgment, in my opinion, should be affirmed. I therefore dissent.

RUDKIN, J., concurs with MOUNT, J.