[No. 14248.   Department One.   April 15, 1918.]

W. E. HUGHES, *Appellant*, v. CALVIN J. CARR, *as Treasurer of Pierce County, et al., Respondents.*[1]

TAXATION — DISTRAINT — SALE OF PERSONAL PROPERTY — "DISSIPATED." Part of a stock of goods was not "dissipated or about to be dissipated," within the meaning of Rem. Code, § 9249, authorizing a distraint for taxes, from the fact that it was removed from the storeroom and placed in a storage warehouse when the prohibition law went into effect and it could no longer be used in the business; and the county treasurer would be liable for its unlawful distraint.

PARKER, J., dissents.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered January 8, 1917, upon findings in favor of the defendants, dismissing an action in tort, tried to the court. Reversed.

[1]Reported in 172 Pac. 224.

*Wesley Lloyd, J. E. Belcher,* and *Carroll A. Gordon,* for appellant.

*Fred G. Remann, Harry E. Phelps,* and *A. B. Bell,* for respondents.

MAIN, J.—The purpose of this action was to recover the value of certain personal property claimed to have been wrongfully distrained and sold by the county treasurer of Pierce county for the general taxes thereon for the year 1915. The trial of the cause before the court, without a jury, resulted in a judgment that the plaintiff take nothing by the action, and that the defendants have their costs and disbursements. From this judgment the plaintiff appeals.

No statement of facts has been brought to this court, and consequently the facts must be conceded to be as recited in the findings of fact made and entered by the trial court. The controlling facts may be summarized as follows: On March 1, 1915, the appellant was the owner of personal property, including mirrors, bars, glassware, and other articles incidental to the saloon business, which was assessed on April 1st, as of March 1st, 1915, for general taxes. On March 1st, the appellant was possessed of about twenty-five dollars worth of liquors and cigars, constituting his stock in trade. The saloon fixtures consisted of one bar, one back bar, one large mirror, two small mirrors, one steam table, one large painting, and other articles incidental to the business. Owing to the passage of the prohibitory law which was to take effect on and after the 1st day of January, 1916, and on account of the expiration of the appellant's liquor license, which expiration occurred on or about the 1st day of July, 1915, he was unable to continue his business as a retail liquor merchant after the 1st day of July, 1915. On the 9th day of July, 1915, he closed his place of business and caused

the property above mentioned, except the stock of liquors and cigars, to be placed in a storage warehouse. The liquors and cigars had been disposed of in the regular course of business prior to the 1st day of July. On September 30, 1915, the county treasurer, believing that the property was being, or was about to be, dissipated, caused the same to be distrained for the taxes levied for that year. Thereafter, the property was sold and, as the findings recite, the proceeds of the sale were applied in payment of the taxes for the year 1915 and the costs of the distraint, and "said property was sold at said sale for a sum not greater than the amount of said taxes and costs." The property sold, on the date of the sale, was found to be "of the reasonable and market value of $100." The amount of the taxes was $18.75.

The controlling question is whether the property was by the owner being dissipated or about to be dissipated. If it was either being dissipated or was about to be dissipated, the judgment of the trial court must be affirmed. On the other hand, if it was not being dissipated, or was not about to be dissipated, the judgment of the trial court cannot be sustained. We do not understand that it is contended that the sale of the stock of liquors and cigars in the regular course of business, prior to the 1st day of July, 1915, when the liquor license expired, was a dissipation within the meaning of the statute. Rem. Code, § 9249, provides that:

"Whenever in the judgment of the . . . county treasurer personal property is being . . . dissipated or about to be dissipated, the treasurer shall immediately distrain sufficient of said property to pay the taxes upon all the property . . . being dissipated or about to be dissipated, together with all accruing costs with interest, . . ."

The question is finally reduced to this: Was the property dissipated, or was it about to be dissipated, because of the fact that it was removed from the storeroom, in which it was at the time it was assessed, and placed in a storage warehouse. The liquor license having expired on the 1st day of July, and the prohibition law going into effect on the 1st day of January following, the appellant was no longer able to use the property in the business in which it was being used at the time the assessment was made. Instead of removing the property to the warehouse, if it had been permitted to remain unused in the storeroom where it was located at the time of the assessment, it would hardly be contended that it was either dissipated or about to be dissipated within the meaning of the statute. It is difficult to see how its removal to a storage warehouse, when the business could no longer be conducted, would be either a dissipation or a contemplated dissipation of the property. According to Webster's International Dictionary, dissipate means:

"1. To scatter completely; to disperse and cause to disappear;—used esp. of the dispersion of things that can never again be collected or restored."

The placing of the property in the warehouse did not disperse and cause it to disappear. Neither did it place it in a position where it could not again be collected or restored. Under the common and accepted meaning of the word "dissipate," the removal of the property from the storeroom to the storage warehouse, with no other fact showing either dissipation or an intent to dissipate is not sufficient to justify the distraining of the property under the claim that it was either being dissipated or was about to be dissipated. The section of the statute above quoted undoubtedly reposes in the county treasurer a large discretion to determine when property is either dissipated or about

to be dissipated, and, if the facts were susceptible of a construction that the property was either being dissipated or was about to be dissipated, it would require a clear showing of abuse of this discretion before the court would be justified in disturbing the judgment of the treasurer. In our opinion, the facts stated in the findings cannot be construed as showing that the property was either being dissipated or was about to be dissipated by reason of the fact alone that it was placed in a storage warehouse when it could no longer be legally used in the saloon business.

The judgment will be reversed and the cause remanded with direction to the superior court to enter a judgment in favor of the appellant.

ELLIS, C. J., FULLERTON, and WEBSTER, JJ., concur.

PARKER, J. (dissenting) — If this were an action wherein it was sought to enjoin the county treasurer from selling the property in question to satisfy taxes charged against it, I would be inclined, upon the facts shown, to concur in the view that the treasurer should be restrained from so doing. But to hold that the treasurer is liable in damages for so doing, as the opinion, in effect, holds, is, I think, going too far. Such a holding is, as I view it, in principle, but little short of the holding of a judge of a court liable in damages because he has decided a case erroneously. The treasurer was deciding a matter which the law compelled him to decide. He may have been sufficiently in error to warrant our deciding that his decision was wrong, but that is far short of any sound reason for holding him liable in damages for making such wrong decision. The courts were open to respondent to have the treasurer's decision reviewed before the sale by the simplest kind of suit in equity.

There is no finding of malice or bad faith on the part of the treasurer, in deciding that there was statutory cause for the seizure and sale of respondent's property. I think that there is abundant authority showing that the treasurer is not liable in damages, though his decision be erroneous. See 29 Cyc. 1444 and cases therein cited. The decision of the majority is even more plainly erroneous as to the liability of the sheriff who, of course, was entitled to rely on the treasurer's decision as to the cause for the seizure and sale of respondent's property. Manifestly, it was not the duty of the sheriff to act other than upon the decision of the treasurer.

For these reasons, I dissent.