[No. 15453.  Department One.  February 27, 1920.]

ORVILLE HINES, *Respondent,* v. PACIFIC CAR COMPANY, *Appellant.*[1]

SALES (182)—CONDITIONAL SALES—REMEDY OF SELLER—INSECURITY CLAUSE—CONSTRUCTION. The vendors in a conditional sales contract providing that they may retake the property if they "shall at any time deem themselves insecure," cannot retake possession unless they have reasonable cause to believe that they are insecure.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered May 3, 1919, upon findings in favor of the plaintiff, in an action for conversion, tried to the court. Affirmed.

*Gordon & Easterday,* for appellant.
*Wesley Lloyd,* for respondent.

MITCHELL, J.—Appellant sold and delivered to respondent a truck, in consideration of a cash payment and future payments to be made on the installment plan. The transaction was evidenced by a "memorandum of conditional sale," signed by both parties. Among other things, the contract provided that, if the Pacific Car Company, their agents, etc., "shall at any time deem themselves insecure," they shall have the right to terminate the contract, retake the property, and retain, as liquidated damages, all moneys paid on the purchase thereof. Prior to the maturity of the first deferred payment, appellant, without respondent's consent, retook possession of the truck, with some

[1]Reported in 188 Pac. 29.

additional equipment respondent had placed thereon. Respondent brought suit and recovered judgment.

The evidence fully justifies the finding made by the trial court that appellant had no reasonable cause to deem itself insecure and no reasonable cause for taking the property. The question in the case is: Did the contract justify the vendor in taking possession of the property without the existence of proper cause to deem itself insecure?

Appellant contends it was immaterial whether the vendor had good cause to believe that it was insecure, if in fact it did deem itself to be so. It is argued that the language of the contract here, viz., "deem themselves insecure," is different from that in Rem. Code, § 1111, providing for an action before the maturity of a mortgage debt where the mortgagee "has reasonable cause to believe," etc.; and that such difference must not be lost sight of in the determination of this cause.

Whatever may be the rule in other states, this court, in the case of *Skookum Lumber Co. v. Sacajawea Lumber & Shingle Co.*, 107 Wash. 356, 181 Pac. 914, 187 Pac. 410, has decided:

"To entitle a mortgagee to foreclose under the insecurity clause of a mortgage when he 'deems' that proceeding necessary, he must act in a reasonable manner. To be allowed to avail himself of the privilege there must exist proper cause to apprehend some loss to his security; he cannot act in a purely arbitrary manner."

This case, like that one, calls for the construction of words used in a contract, and no reason appears for giving words in this contract a meaning different from that which was given to similar words in that contract. This rule of good faith and reasonable cause is recognized in other cases, whether resting upon contracts or

statutory provisions. *Camp v. Neufelder,* 49 Wash. 426, 95 Pac. 640, 22 L. R. A. (N. S.) 376; *Hughes v. Carr,* 101 Wash. 109, 172 Pac. 224.

Judgment affirmed.

HOLCOMB, C. J., MACKINTOSH, PARKER, and MAIN, JJ., concur.