[No. 15849.  Department Two.  August 23, 1920.]

D. H. KING, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.[1]

CONTRACTS (141) — BUILDING CONTRACTS — OPTIONAL USE OF FIX-TURES—WITHHOLDING APPROVAL BY ARCHITECT—EXTRA COST. The extra cost of installing fixtures specified in a building contract may be recovered, where the contract allowed the contractors to install other fixtures of equal make and made the architects arbitrators, and officers in charge of the building refused to allow the change or permit the architects to approve thereof, which they would have done if allowed to exercise their independent judgment.

SAME (141). In such a case, the contractor's right of recovery is not affected by a provision of the contract to the effect that no deviation from the drawings or specifications should be made without the written consent or approval of the officers in charge of the building, since there was no deviation attempted, but only the authorized substitution of one make of goods for another.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered November 19, 1919, upon findings in favor of the defendant, dismissing an action on contract, tried to the court. Reversed.

*Wm. E. Froude* (*Hyman Zettler*, of counsel), for appellant.

*The Attorney General* and *Fred J. Cunningham, Assistant*, for respondent.

BRIDGES, J.—The plaintiff, D. H. King, entered into a contract with the state of Washington to furnish all material and install the plumbing for the northern

[1]Reported in 192 Pac. 15.

hospital for the insane. The contract provided, among other things, as follows:

"Baths: Continuous baths, Clow & Sons, P. 2215, with control table, two baths being controlled from one table.

"Catalogue numbers given in this specification designate the kind and quality of fixtures desired, but goods of other reputable manufacturers of equal make and functions may be used. The fixtures to be used shall be submitted to the architects for their approval within thirty days after signing the contract.

"Contractor may provide manufactures of fixtures other than those specified, but must first submit catalogue numbers and samples to the architects for their approval.

"No deviation from the drawings or specifications shall be made in the execution of the work without the written approval of the board of control."

It was further provided that the contractor shall do "to the satisfaction of the architects everything required by the drawings, specifications and general conditions."

The plaintiff desired to install the Crane Company's continuous baths, which he could buy for $1,200 less than Clow & Sons baths would cost him, and which he contended were equal to the Clow baths. He was required, however, to, and did, install the Clow baths, and brought suit to recover the difference in cost, to wit, $1,200.

There is no dispute in the record that the plaintiff was required to pay $1,200 more for the Clow & Sons baths than he would have been required to pay for the Crane Company's baths. The court, to whom the case was tried without a jury, found, in addition to the facts as above recited, that neither the architects nor the state board of control had approved of the Crane Company's baths, nor consented to the installation of the

same in lieu of those of Clow & Sons, but, on the contrary, directed that the last named baths be installed by the plaintiff. Based upon these findings, the court made a judgment dismissing the action. The plaintiff has appealed.

The testimony conclusively shows that the architects believed that the Crane Company's baths were equal to the Clow & Sons baths and were satisfied that the former might be installed in place of the latter, and that they refused to give their consent for such installation because the board of control and the superintendent of the hospital refused their consent; and the great weight of the testimony shows that the Crane Company's baths were made by a reputable manufacturer and were of "equal make and function" with the Clow baths.

We are satisfied that the learned trial court was in error in not entering a judgment in favor of the appellant for the amount sued for. Under the terms of the contract it was for the architects, and for them only, to determine whether or not the Crane baths were equal to and would give as good satisfaction as the Clow baths, and in reaching such determination they were bound to use their own impartial and independent judgment. They were not permitted to give their consent to the substitution only on condition that a like permission be obtained from the board of control. They were, in this regard, arbitrators and the agents of both parties to the contract, and the contractor had an absolute right, not only to rely upon the decision of the architects, but to insist that such decision be a fair and impartial one, and one not controlled by the desires of the board of control or the superintendent of the hospital. It is beyond dispute in this case that, had the architects acted upon their own independent

judgment, they would readily have consented to the installation of the Crane baths. Indeed, under the testimony, which shows almost conclusively that the Crane baths are equal to those of Clow & Sons, it would have been their duty to have permitted the installation of the Crane baths. The right given by the contract to appellant to have the architects decide this question was a valuable one. To now say that he must abide the consent of others would be to deprive him of that right and change the terms of the contract to his detriment.

In the case of *Camp v. Neufelder,* 49 Wash. 426, 95 Pac. 640, 22 L. R. A. (N. S,) 376, the contract had reference to the furnishing of certain sidelights and provided that "these lights shall be of the W. B. Jackson make or equal," and that the work of the contractor must be to the satisfaction of the architect, who had the right to approve or reject any and all work. The contractor desired to use some light other than the Jackson make, but one which he contended was equally good. The architect refused to examine or consider the installation of other lights, but arbitrarily insisted upon the Jackson lights. These the contractor installed, and later sued for his damages. We held that the mere fact that the contractor had, upon demand, installed the Jackson lights did not deprive him of the right to maintain his suit. We further said:

"While it is true that the contractors were bound to perform to the satisfaction of the architect, yet it is equally true that they had a right to demand that he exercise an independent and honest judgment, and that he should not arbitrarily refuse to consider or determine matters submitted to his judgment. If the contractors did in fact produce lights equal to the W. B. Jackson light they had the right not only to install them, but the right to have the architect's approval of them before they were installed, and it was the archi-

tect's duty to give them the benefit of his honest judgment in passing upon the character of the lights produced.''

See, also, the following cases: *Northwestern Marble & T. Co. v. Megrath,* 72 Wash. 441, 130 Pac. 484; *Boettler v. Tendick,* 73 Tex. 488, 11 S. W. 497; *Boston Store v. Schueter,* 88 Ark. 213, 114 S. W. 242.

The respondent greatly relies upon that provision of the contract, above quoted, to the effect that no deviation from the drawings or specifications should be made without the written consent or approval of the board of control. But that provision does not help it. It refers to an entirely different matter to the one involved here. Here there were no deviations; there was only the attempted substitution of one make of bath for another, a thing which the contract permitted.

We have no doubt that, under the testimony, the plaintiff should have been allowed to recover. The judgment appealed from is reversed, and the cause remanded with instructions to the trial court to set aside the judgment entered by it and to enter a judgment in favor of the appellant for the sum sued for.

HOLCOMB, C. J., TOLMAN, MOUNT, and FULLERTON, JJ., concur.