[No. 38059. Department Two. May 11, 1967.]

WILLIAM L. DEVINE, *Appellant,* v. WHATCOM COUNTY *et al.,*
*Respondents.*[*]

*Wright, Wendells, Froelich & Power* and *Arthur T. Wen-
dells,* for appellant.

[*]Reported in 427 P.2d 731.

216

*Richard A. Nelle*, *Richard J. Waters*, *McCush & O'Connor*, and *George W. McCush*, for respondents.

FINLEY, C. J.,—The plaintiff, William L. Devine, owned and operated a farm equipment business known as Whatcom Tractor and Equipment Company in Lynden, Washington. Encountering financial difficulties, he fell behind in the payment of his county, state, and federal taxes. The defendant county levied a personal property tax on the plaintiff's property of $698.93 for 1961, of which plaintiff paid $160; and a tax of $559.05 was levied for 1962. Defendant Bowen, the deputy treasurer of the defendant county, made a jeopardy distraint of plaintiff's business personal property on January 26, 1962. Prior to the date of sale, the plaintiff promised to pay the taxes due, and Bowen canceled the sale. The plaintiff did pay $400, which, along with the $160 already paid, was placed in a suspense account pending payment in full.

In March of 1962, Bowen again distrained plaintiff's property for the balance of taxes due for 1961 and 1962, together with accumulated interest, and the advance taxes for 1963 in the amount of $129.66, the total then claimed being $886.06. There was a definite conflict in the testimony as to the exact date upon which Bowen posted the notice of attachment and sale on plaintiff's place of business. Bowen testified, and the trial court found, that the papers of distraint were posted on the plaintiff's property and in two other places on March 13, 1962. Plaintiff presented testimony from various witnesses to the effect that the date of posting must have been March 15.

On March 5, 1962, the Internal Revenue Service had seized plaintiff's parts inventory and file cabinets for a federal tax delinquency somewhat in excess of $1,600. Plaintiff's place of business was locked to secure the seized property, and notices were posted on both main doors. On the morning of March 15, the federal tax delinquency, plus costs and liability to date of settlement, was settled for $1,802.60, and the premises were restored to the plaintiff. On the afternoon of March 15, the state of Washington

seized plaintiff's premises for taxes due to the state of $6,100. On March 23, 1962, Bowen sold all of plaintiff's property for the county for $886.06. The state tax commission had opened its locks so that Bowen could conduct his sale. As a part of the sale, the purchaser paid the state taxes of approximately $5,000.

No inventory or appraisal was made by the county officials, and the plaintiff introduced evidence tending to show that the value of the property sold was in excess of $28,000. The trial court, however, found as a fact:

That in view of all of the facts and circumstances and the nature and condition of the property and other claims thereon, the amount and value of the property distrained and sold at said tax sale was not excessive considering the amount of tax due and the price bid therefor.

Plaintiff-appellant brought this action for damages alleging that the distraint and sale were unauthorized, not in compliance with the applicable statutes, and therefore constituted a conversion of his property by Whatcom County and its treasurer and deputy treasurer. The plaintiff joined as a defendant the company acting as surety on the official bond of the defendant county treasurer. This surety brought a third party claim against Fidelity and Deposit Company of Maryland, which claim is not before us on this appeal. The trial court, sitting without a jury, dismissed plaintiff's complaint with prejudice, and he now appeals.

In his brief, plaintiff-appellant makes 11 assignments of error which raise 14 particulars in which he alleges the county failed to comply with the applicable statutes, RCW 84.56.070 and RCW 84.56.090, in making what the trial court determined to be a valid jeopardy distraint and sale of plaintiff's property. In our view of the case, it will be unnecessary to consider all 14 of the alleged defects. We do note, however, that the trial court, in its memorandum opinion in which it ruled against the plaintiff, made the following observations:

In arriving at this decision in this case, the Court does not overlook the fact that in several areas the Treasurer

provided only a minimum of compliance with the legal requirements.

It is suggested that the procedures employed by the Whatcom County Treasurer's office regarding distraint and sale of property to satisfy taxes to be examined critically, and especially in the following areas:

1. The descriptions of the property to be sold should be clear.

2. The place of sale should be pinpointed as carefully and accurately as possible.

3. The time of sale should possibly be extended beyond the minimum 10 day limit from date of posting to possibly 20 or 30 days after the distraint and the posting of notice of sale. This is especially true with regard to property for which ready buyers are scarce and property which is not readily salable. This would allow the taxpayer time to promote and advertise the sale to the public if he so desired.

4. Every effort should be made to give actual notice of sale to the owner of the property.

5. Possibly more complete records should be kept by the Treasurer for the purpose of proving the details of the sale.

The suggestions of the trial judge appear to be well taken, and, in addition, we conclude that a different result is required. We are convinced the over-all performance by the officials of the Whatcom County Treasurer's office in the instant matter did not meet the minimum statutory requirements, and was even seriously lacking in due process requirements.

As previously stated, the date of posting of the notice on the Whatcom Tractor and Equipment Company premises is in dispute. Bowen testified that he made the posting on March 13, 1962. Certain records kept or reconstructed by Bowen tended to support his statement. Devine, the plaintiff, testified that Bowen posted the notice on March 15. Finley, the Internal Revenue Service Agent, saw no sign of a county posting when he opened up the office on the morning of March 15. Rhea, the state agent, saw no evidence of a county posting early in the afternoon of March 15; but he did notice a county posting in the mid-

afternoon of March 15, after he had been gone from the premises for about an hour.

If the posting was made on March 15, the sale on March 23 was invalid as RCW 84.56.070 declares that the sale "shall be not less than ten days after the taking of such property;" *i.e.*, after the distraint. The trial court, however, found as a fact that the defendant Bowen posted the county's notice on the plaintiff's property on March 13.

Assuming then that the notice was posted on March 13, we nevertheless conclude that the plaintiff's property was not validly distrained on that day. The trial court deemed itself bound on the question of the validity of the distraint by this court's decision in *Metzger v. Quick*, 46 Wn.2d 477, 282 P.2d 812 (1955). Although the learned trial judge expressed his personal disagreement with the decision in *Metzger*, he felt that under that case the notice of attachment posted by the defendant Bowen was sufficient to create a "constructive distraint." We do not think that *Metzger* goes so far as to validate the distraint in the instant matter.

In *Metzger*, the court merely held that under certain circumstances a county treasurer is not required to take actual physical possession in order to distrain property. The court, however, clearly indicated the necessity for the requirement of possession, 46 Wn.2d at 482, in the following words:

> In this regard, the county treasurer can, in his discretion, choose to distrain and take possession of the property in any one of several methods. He may take physical possession of it, he may appoint a keeper to watch over it, or he may take possession by simply posting a notice that he has distrained the property for the purposes of sale. Each of such methods is a distraint and *taking possession of the property*. In this case, the distraint notice, quoted above, stated that the treasurer was taking possession by simply posting the notice. (Italics in original.)

In the instant matter, the Internal Revenue Service had the Whatcom Tractor and Equipment Company premises under padlocks on March 13, 1962, in order to protect its seizure of the parts inventory and file cabinets

for Devine's federal tax delinquency. Whatcom County obtained no possession, nor did it even exert any claim alleged to be prior to the federal government's, by its posting of a notice on the outside of the building. The federal government had exclusive possession of the premises, and the right thereto, on March 13, 1962. Thus, the fact of physical possession by the federal government negatives the possibility of possession by the county of any of the types prescribed in *Metzger*. Without possession—either actual possession or technically precise and therefore appropriate and legally effective, constructive possession—there can be no valid distraint. *Metzger, supra*. Without a valid distraint, the sale was invalid, and the proceedings amounted to a conversion of the plaintiff's property. *Rose v. Pierce Cy.*, 25 Wash. 119, 64 Pac. 913 (1901); *Hughes v. Carr*, 101 Wash. 109, 172 Pac. 224 (1918).

Although RCW 84.56.070 provides that no notice of the distraint is necessary, the concept of due process requires that some notice reasonably calculated to inform be given the property owner of the sale, since that sale directly affects the property owner's legal rights. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); Comment, *Adequacy of Notice—Due Process*, 32 Wash. L. Rev. 165 (1957). To distrain is to seize and detain personal property. See Black, Law Dictionary (4th ed. 1951). Certainly the legislature intended the distraint referred to in RCW 84.56.070 and RCW 84.56.090 to accomplish at least two purposes, *viz.*: (1) to obtain security for tax delinquencies, and (2) to give notice to the delinquent property owner that his property is in immediate danger of being sold. As was said by the United States Supreme Court in *Windsor v. McVeigh*, 93 U.S. 274, 279, "The theory of the law is, that all property is in the possession of its owner, in person or by agent, and that its seizure will, therefore, operate to impart notice to him."

In *Metzger*, a case in which every effort was made to impart actual notice of distraint and sale, this court adopted a somewhat extreme position in allowing mere

posting of personal property to constitute distraint. The law of this state can go no further and remain within constitutional bounds. In the instant case, Devine had no actual notice of when the sale was to take place until he received a telephone call from his wife on the morning of March 23, 1962, just minutes before the sale occurred. Perhaps a more important consideration in the broad view is that mere posting, when another governmental agency has exclusive possession of the premises, is not reasonably calculated to impart notice to the property owner of anything. Once one agency has seized property and is in actual possession, the owner normally is concerned about meeting the demands of the possessing agency. He should not be expected to scrutinize daily the premises which he is locked out of to see if another agency has posted a notice.

As the sale was invalid for lack of a sufficient distraint, we need not determine whether any of the other alleged defects actually existed. We only note that no matter how recalcitrant and delinquent the plaintiff may have been the entire proceedings were conducted with inadequate concern for the protection of the plaintiff's rights. As was said in *Mogan v. Larson,* 183 Wash. 287, 291, 48 P.2d 621 (1935), "While, under the statute, the sale of personal property for taxes is summary in the highest degree, the sale must be conducted with some regard for the taxpayer's rights."

The judgment is reversed, and the case is remanded for determination of damages and entry of judgment consistent with this opinion.

DONWORTH, WEAVER, and ROSELLINI, JJ., and BARNETT, J. Pro Tem., concur.

July 17, 1967. Petition for rehearing denied.