[No. 1086-1.   Division One—Panel 2.   May 15, 1972.]

WILLIAM J. VAN HORN, *Respondent*, v. VAN DE WOL, INC., *Appellant*.

*Kingsbury, Livesey & Ludwigson* and *George Livesey, Jr.,* for appellant.

*Asmundson, Rhea & Atwood* and *T. B. Asmundson,* for respondent.

JAMES, J.—Defendant Van De Wol, Inc. operates a golf course. Plaintiff Van Horn, while a stockholder in defendant corporation, made several loans to defendant, totaling $37,000, and received unsecured demand notes in return. Subsequently, before selling his stock to an investor produced by the corporation, plaintiff entered into an agreement providing, among other things, that he would not accelerate payment of the notes so long as the terms of the agreement were complied with, but that if he should at any time deem himself insecure he would have the right to demand payment of the notes.

Approximately 1 year after liquidating his stock and entering into the agreement, plaintiff, asserting that he deemed himself insecure, demanded payment of the notes. This suit followed when defendant failed to discharge the notes.

The trial judge found that plaintiff, in good faith, deemed himself insecure and granted judgment for the balances due upon the notes. This appeal is from the denial of defendant's motion for a new trial.

Defendant contends that the trial judge erred in holding that plaintiff "in good faith" deemed himself insecure, because plaintiff erroneously believed defendant had been denied a bank loan, when in fact defendant had not been denied a loan.

The trial judge found as a fact that plaintiff knew defendant corporation lost money during the prior business year; that defendant corporation was faced with increasing competition from a newly established public golf course; that the new stockholder refused to hold him harmless on corporate notes which he had signed as a guarantor; and that the corporation refused to refrain from mortgaging the corporate realty until after plaintiff had been paid.

■ The Uniform Commercial Code, RCW 62A.1-208 provides that the term " 'when he deems himself insecure' " shall be construed "to mean that he shall have power to do so only if he *in good faith* believes that the prospect of payment or performance is impaired." (Italics ours.) RCW 62A.1-201(19) provides that " '[g]ood faith' means *honesty in fact* in the conduct or transaction concerned." (Italics ours.)

The "honesty in fact" standard which the trier of fact must apply has been described as follows:

> Section 1-201(19) defines "good faith" as "honesty in fact," and thus follows a number of the uniform commercial acts in making negligence irrelevant to good faith.[98] The adoption of this "subjective" test, sometimes known as the rule of "the pure heart and the empty head," dates back more than a hundred years in the law of negotiable

instruments, to the abandonment of the "objective" standard announced in *Gill v. Cubitt*.[99]

98. Uniform Bills of Lading Act § 53 (2); Uniform Sales Act § 76 (2); Uniform Stock Transfer Act § 22 (2); Uniform Warehouse Receipts Act § 58 (2).

99. 3 B. & C. 466, 107 Eng. Rep. 806 (1824). The doctrine was abandoned in Goodman v. Harvey, 4 A. & E. 870, 111 Eng. Rep. 101 (1836). See also Murray v. Lardner, 69 U.S. (2 Wall.) 110 (1864); cf. Graham v. White-Phillips Co., 296 U.S. 27 (1935).

R. Braucher, *The Legislative History of the Uniform Commercial Code*, 58 Colum. L. Rev. 798, 812 (1958).

Defendant argues that *Hines v. Pacific Car Co.*, 110 Wash. 75, 188 P. 29 (1920) and *Skookum Lumber Co. v. Sacajawea Lumber & Shingle Co.*, 107 Wash. 356, 181 P. 914, 187 P. 410 (1919) require that the alleged facts leading to plaintiff's insecurity be true. We do not agree. Both the *Hines* and *Skookum* cases deal with mortgagees, or *secured* creditors who deemed themselves insecure. A secured creditor must show more compelling facts because he is in a less precarious position than is an unsecured creditor.

Plaintiff, as an unsecured creditor, had to consider the overall financial stability of defendant to determine the likelihood of payment. Anything which adversely affected the corporation adversely affected plaintiff's prospect of payment.

Even if plaintiff was negligent in not checking to determine whether defendant had in fact been denied a loan, negligence is irrelevant to good faith. The standard is what plaintiff actually knew, or believed he knew, not what he could or should have known. Because plaintiff believed defendant had been denied a loan, and acted in accordance with that belief, he acted in good faith.

■ Plaintiff's "good faith" is a question of fact. Our review of the record discloses that the trial judge's finding that plaintiff acted in good faith is supported by substantial evidence. The matter of the loan was but one consideration, and even if it were resolved in defendant's favor, that

would not eliminate the other substantial bases for plaintiff's insecurity. We may not substitute our judgment for that of the trial judge. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959); *Huzzy v. Culbert Constr. Co.,* 5 Wn. App. 581, 489 P.2d 749 (1971).

The judgment is affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.