[No. 3277-1.    Division One.    April 12, 1976.]

Y. T. MOCHIZUKI, ET AL, *Appellants,* v. KING COUNTY, ET AL, *Respondents.*

*H. S. Sanford,* for appellants.

*Reed, McClure, Moceri & Thonn, P.S., William Robert Hickman,* and *Kathy Cochran,* for respondents.

PER CURIAM.—Y. T. Mochizuki and Kenneth Finke appeal from an order granting summary judgment in favor of King County.

This action arose out of distraint proceedings instituted by King County against Pacific Transmission Exchange, Inc., on September 5, 1973, for failure to pay personal property taxes. Following the distraint of the personal property lo-

cated on the premises of Pacific Transmission Exchange, Mochizuki and Finke filed a claim with King County for wages that had been earned but not paid by Pacific Transmission Exchange in the sum of $10,780 and $600 respectively. On October 31, 1973, all of the personal property of Pacific Transmission Exchange was sold at an auction for $9,240. Mochizuki and Finke commenced this action when the County refused their wage claims.

The employees assign error to the granting of King County's motion for summary judgment and contend that: (1) the court erred in construing RCW 49.56.040 and (2) the distraint proceedings violated due process of law.

RCW 49.56.040 provides:

> In distraint or insolvency proceedings affecting the assets of an employer, claims for labor, salaries or wages not to exceed six hundred dollars to each claimant which have been earned within three months before the date of the distraint or commencement of the proceeding shall be paramount and superior to any claim preferred or presented by an *agency of the state*: *Provided*, That this section shall not apply to any compensation payable to an employer or to an officer, director, or stockholder of a corporate employer.

(Italics ours.) Mochizuki and Finke contend that King County is an "agency of the state" and that accordingly their claim for wages in the sum of $600 each was paramount to King County's tax claim. We disagree.

In construing statutory language, our concern is to ascertain the meaning intended by the legislature. *Warmington v. Department of Employment Security*, 12 Wn. App. 364, 529 P.2d 1142 (1974). In the absence of a statutory definition, words used in statutes must be given their usual, ordinary, and commonly accepted meaning. *Warmington v. Department of Employment Security, supra.* Although several Washington decisions refer to the county as an arm or agency of the state, *see, e.g., Hockley v. Hargitt*, 82 Wn.2d 337, 510 P.2d 1123 (1973); *State ex rel. Taylor v. Superior Court*, 2 Wn.2d 575, 98 P.2d 985 (1940); *State ex rel. Spokane v. DeGraff*, 143 Wash. 326, 255 P. 371

(1927), a county is not generally considered an agency of the state in spite of the general language found in these cases. They are therefore of no precedential value in interpreting RCW 49.56.040. Counties are considered separate political subdivisions with particular powers conferred by constitution and statute. Const. art. 11, § 1; *State ex rel. Bain v. Clallam County Bd. of County Comm'rs*, 77 Wn.2d 542, 463 P.2d 617 (1970); *Carkonen v. Williams*, 76 Wn.2d 617, 458 P.2d 280 (1969); see generally C. Antieau, *County Law* § 31.00 (1966).

In *State v. Board of Valuation*, 72 Wn.2d 66, 70, 431 P.2d 715 (1967), the court applied a functional test to determine whether the King County Board of Valuation was a state agency within the meaning of the Washington administrative procedure act:

> We conclude that the "valuation board" is a state agency and not a county agency. The official county position that each member of the "valuation board" holds in county government does not determine the nature of the board. *It is the function which the board performs that determines its nature.* The function is entirely state, not county.

*See Centralia College Educ. Ass'n v. Board of Trustees of Community College Dist. 12*, 82 Wn.2d 128, 508 P.2d 1357 (1973); *Edwards v. City Council*, 3 Wn. App. 665, 479 P.2d 120 (1970). Here, the County Treasurer, in instituting distraint proceedings for the failure to pay King County personal property taxes, was performing a county not a state function. Accordingly, the County ,was not acting as an agency of the state for purposes of RCW 49.56.040.

Next, Mochizuki and Finke contend that the distraint proceedings violated due process of law. They argue that the County failed to give adequate notice of the sale of the property. We disagree.

■ In *Devine v. Whatcom County*, 71 Wn.2d 215, 220, 427 P.2d 731 (1967), the court stated concerning the requirements of notice:

> Although RCW 84.56.070 provides that no notice of the distraint is necessary, the concept of due process requires

that some notice reasonably calculated to inform be given the property owner of the sale, since that sale directly affects the property owner's legal rights.

*Devine* requires notice be given to the *owner* of the property. There is, however, no requirement that notice be given to employees of the property owner. Further, the record reveals that the employees, through their attorney, received actual notice of the distraint proceedings. Their attorney requested that the original date set for the sale be postponed and he appeared at an attempted sale on September 27, 1973, and again at the auction of October 31, 1973.

The employees also argue that notice was improperly given to the owner, Pacific Transmission Exchange. This contention is properly made by Pacific Transmission Exchange, not the employees. Mochizuki and Finke as employees asserting an unsecured wage obligation have no standing to raise due process claims of the owner of the property. *See State v. Jones*, 84 Wn.2d 823, 529 P.2d 1040 (1974).

Affirmed.

Petition for rehearing denied August 26, 1976.