**RICHARDS ENGINEERS, INC., Carol S. Richards, Kenneth E. Richards, David A. Richards, Janice A. Nottingham, Patricia A. Loder, Sandy Schwartze, and John H. Schwartze, Plaintiffs-Appellees,**

v.

**Charles F. SPANEL, Frances S. Spanel, Charles F. Spanel, Inc., d/b/a Inter-Mountain Engineering, Ltd., Defendants-Appellants.**

No. 85CA0849.

Colorado Court of Appeals,
Div. I.

April 30, 1987.

Rehearing Denied June 4, 1987.

Certiorari Denied (Richards)
Nov. 9, 1987.

McMichael & Benedict, Mitchell Benedict, III, Denver, for plaintiffs-appellees.

Calkins, Kramer, Grimshaw & Harring, James S. Bailey, Jr., Kathleen Anne Lord, Denver, for defendants-appellants.

PIERCE, Judge.

Defendants, Charles and Frances Spanel, d/b/a Inter-Mountain Engineering, Ltd., appeal the trial court judgment entered in favor of plaintiffs, Carol, Kenneth, and David Richards, Janice A. Nottingham, Patricia A. Loder, Sandy and John H. Schwartze, d/b/a Richards Engineers. They also appeal an award of attorney fees, and the granting of a summary judgment dismissing their counterclaim. We affirm in part, reverse in part, and remand for further proceedings.

This dispute arises from a purchase agreement between the parties, whereby defendants acquired plaintiffs' businesses, Richards Engineers, Inc., and Carol's Secretarial and Printing Service. The contract provided that a portion of the purchase price would be in the form of a $91,000 promissory note, which was payable in bi-annual installments over a ten-year period. The contract further provided that at the end of five years, defendants were to use their best efforts to obtain refinancing of the principal balance in order to pay off the plaintiffs.

The note was secured by a security agreement containing an "insecurity" clause. This clause allowed defendants' obligations to be accelerated under the note "if [plaintiffs] deemed itself insecure."

Timely payments were made by defendants in accordance with the ten-year amortization schedule incorporated into the note. At the end of five years, plaintiffs sought to obtain payment of the entire balance of the note; however, defendants were unable to obtain refinancing. Plaintiffs then deemed themselves insecure pursuant to the insecurity clause.

Defendants refused immediate payment of the balance, and plaintiffs brought this action. The trial was to the court, and judgment was entered in favor of plaintiffs. The trial court found that although the parties had agreed to a ten-year payment schedule, plaintiffs actually expected full payment at the end of five years. The trial court further found that plaintiffs' insecurity arose when defendants refused to pay the entire balance at the end of five years. Using a subjective test, the trial court determined that plaintiffs were insecure. The court further ordered defendants to pay plaintiffs' attorney fees as a cost of collection.

## I.

◼ Defendants first contend that the trial court erred when it applied a purely subjective test in determining whether plaintiffs' declaration of insecurity was in good faith. We agree.

Section 4–1–208, C.R.S., provides that: "A term providing that one party or his successor in interest may accelerate payment or performance or require collateral or additional collateral 'at will' or 'when he deems himself insecure' or in words of similar import shall be construed to mean that he shall have power to do so only if he in good faith believes that the prospect of payment or performance is impaired. The burden of establishing lack of good faith is on the party against whom the power has been exercised."

Section 4–1–201(19), C.R.S. defines "good faith" as:

"[H]onesty in fact in the conduct or transaction concerned."

We are aware that, in the context of a holder in due course who must take an instrument in good faith, this definition has been construed as requiring a purely subjective inquiry. *Money Mart Check Cashing Center, Inc. v. Epicycle Corp.*, 667 P.2d 1372 (Colo.1983). However, § 4–1–201, C.R.S. specifies that the code definitions are applicable "unless the context otherwise requires." Thus, we must determine whether "good faith" in the context of an insecurity clause otherwise requires the use of an objective rather than a subjective standard.

Although we find no Colorado case law governing this particular issue, we are guided by persuasive authority from other

jurisdictions. Many jurisdictions have determined that "good faith" in this context is to be measured by wholly subjective standards. *See Ginn v. Citizens & Southern National Bank,* 145 Ga.App. 175, 243 S.E.2d 528 (1978); *Farmers Cooperative Elevator, Inc. v. State Bank,* 236 N.W.2d 674 (Iowa 1975); *Fort Knox National Bank v. Gustafson,* 385 S.W.2d 196 (Ky. 1964); *Van Horn v. Van De Wol, Inc.,* 6 Wash.App. 959, 497 P.2d 252 (Ct.App.1972). Thus, in these jurisdictions, the state of mind of the creditor is the measure of good faith, regardless of the reasonableness of such mental state.

Other jurisdictions have chosen an objective standard reasoning that a purely subjective test is susceptible to arbitrary abuse by the creditor. *See Black v. Peoples Bank & Trust Co.,* 437 So.2d 26 (Miss. 1983); *Universal C.I.T. Credit Corp. v. Shepler,* 164 Ind.App. 516, 329 N.E.2d 620 (1975); *see also Blaine v. GMAC,* 82 Misc. 2d 653, 370 N.Y.S.2d 323 (N.Y.Co.Ct.1975). These latter authorities have further opined that a subjective standard would allow a creditor to place his debtor in an unjust position, since the creditor might at any time call the entire debt and require the debtor to prove the unfathomable state of mind of the creditor. *See Universal C.I.T. Credit Corp. v. Shepler, supra* (J. Garrard, concurring).

In determining the appropriate standard, we are also guided by pre-code Colorado case law governing similar transactions. Under such rulings, when a mortgagee sought to foreclose upon a mortgagor because of insecurity, such a determination had to be founded upon good faith, and the decision had to be based on reasonable grounds and probable cause. *Thomas v. Beirne,* 94 Colo. 429, 30 P.2d 863 (1934); *see also Ramstetter v. MacGinnis,* 100 Colo. 494, 68 P.2d 454 (1937).

Further guidance is obtained from Professor Gilmore, a drafter of the Uniform Commercial Code. He writes that:

"The creditor has the right to accelerate if, under all the circumstances, a reasonable man, motivated by good faith, would have done so.... The Code adopts such a rule in § 1–208...."

2 G. Gilmore, *Security Interests in Personal Property,* § 43.4 at 1197 (1965).

█ We are of the opinion that an objective standard of reasonableness is the better rule of law and hereby adopt it in the context of an insecurity clause such as the one before us. A declaration of insecurity is a unilateral decision made by the creditor which places a severe hardship upon the debtor. This hardship is unjust if the creditor's decision is unreasonable or based upon mistaken facts which the creditor may honestly believe to be true. Thus, we conclude that the appropriate determination in the context of an insecurity clause is whether a reasonable person, under all the circumstances of the transaction, and motivated by good faith, would have accelerated the debt. *See* 2 G. Gilmore, *supra.*

Further support for the adoption of a reasonableness test in the context of an insecurity clause is found by analysis of other code provisions. Section 4–2–609, C.R.S., provides that:

"When reasonable grounds for insecurity arise with respect to the performance of either party, the other may in writing demand adequate assurance of due performance...."

It would be highly inequitable to require less than reasonable grounds in order to accelerate an entire debt based on insecurity, especially in light of the more onerous burden placed on the debtor by acceleration.

The facts of the present case make clear the inequity of a purely subjective standard. Defendants made all payments in accordance with the ten-year payment schedule that had been agreed to by the parties. These payments were all timely made in full compliance with the agreement. The fact that plaintiffs mistakenly believed they would receive complete payment of the entire debt after five years could not operate to place such an onerous burden upon defendants. Thus, a subjective test of insecurity would be wholly unjust.

Plaintiffs contend that even if an objective standard is applied, adequate facts are present to sustain the trial court's holding. We disagree.

Although there was testimony that defendants had violated certain terms of the contract, there were no findings of fact sufficient alone to demonstrate the existence of reasonable grounds for plaintiffs to have deemed themselves insecure. Accordingly, this case must be remanded for further findings of fact and conclusions of law applying an objective reasonableness test.

## II.

Defendants also contend the trial court erred in granting plaintiffs' motion for summary judgment on defendants' counterclaim for misrepresentation. The trial court found that this claim for relief was barred by the three-year statute of limitations under § 13–80–109, C.R.S. We find no error in the trial court's ruling.

Claims that material misrepresentations induced a party to enter a contract are generally governed by § 13–80–109, C.R.S. (three-year statute of limitations). *See Lucas v. Abbott*, 198 Colo. 477, 601 P.2d 1376 (1979). However, defendants argue that because the misrepresentations which induced them to enter into the contract were contained within the contract itself, their counterclaim is one on the case founded on contract and, thus, is governed by § 13–80–110(1)(d), C.R.S. (six-year statute of limitations).

It is the nature of the right sued upon and not the form of the action or the relief requested which determines the applicable statute of limitation. *Ass'n of Owners v. Otte*, 38 Colo.App. 12, 550 P.2d 894 (1976).

Defendants' counterclaim alleged that plaintiffs had made certain material misrepresentations of fact which defendants had relied upon in entering into the contract. The claim pleaded by them was based upon the tort of deceit. It did not allege that plaintiffs' representations violated some provision of the agreement. We find unpersuasive defendants' argument that misrepresentations of fact arising outside the contract are significantly different from those misrepresentations which are contained within the contract. Each claim is in the nature of fraud and, thus, is governed by the fraud statute of limitations. *See* § 13–80–109, C.R.S. Therefore, the trial court correctly ruled that defendants' claim was in fraud and was barred by § 13–80–109.

Accordingly, the judgment of the trial court granting plaintiffs' motion for summary judgment on defendants' counterclaim is affirmed. The remainder of the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

ENOCH, C.J., and CRISWELL, J., concur.