No. 13,170.

THOMAS *v.* BEIRNE.

(30 P. [2d] 863)

Decided March 12, 1934.

Mr. Henry Hunter, Mr. B. Malcolm Erickson, for plaintiff in error.

Mr. Frank Hall, Mr. B. H. Shattuck, for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

The parties are here aligned as in the trial court, and we will refer to them as plaintiff and defendant.

On November 7, 1931, plaintiff filed his complaint in replevin to recover immediate possession of cattle described in chattel mortgage given by defendant to plaintiff on July 25, 1929, to secure payment of four notes aggregating $8,314. Plaintiff alleged that defendant was not taking proper care of the cattle; that defendant had used another brand on some of the increase; that defendant did not have adequate pasture and water for said cattle; that market conditions for cattle were uncertain; failure to pay interest; and alleged value of cattle was $3,500. The affidavit in replevin was filed, the writ issued and executed, and plaintiff gave receipt for 202 head of cattle. The defendant answered, admitting original indebtedness; that the principal of two notes was unpaid, but alleged that the time for payment of the interest had been extended in consideration of the execution of another note and deed of trust on defendant's ranch; denied the insecurity of plaintiff's debt and alleged the cattle to be worth $7,000. Replication was filed, trial had to a jury on May 25, 1932. Verdict was returned finding the issues in favor of the defendant, and finding the value of the cattle taken under the writ to be $4,816. A judgment was calculated upon this verdict by the court and entered for the defendant in the sum of $1,612.28. The plaintiff asks reversal of that judgment.

In substance the facts as plaintiff and defendant agree are: That on July 25, 1929, defendant executed and delivered to plaintiff four promissory notes, all dated July 25, 1929, payable to plaintiff, interest at the rate of eight per cent per annum, in the following amounts and on the following dates: The first note in the amount of $4,157, due December 1, 1929, interest likewise due on said date; the second, in the amount of $1,385.66, due December 1, 1930, interest likewise due on said date; the third in amount of $1,385.66, due December 1, 1931, and the fourth in amount of $1,385.66, due December 1, 1932. Interest on the third and fourth notes was due annually, i. e., on July 25 of each year after date.

To secure payment of said four notes defendant, on July 25, 1929, executed and delivered to plaintiff a chattel mortgage on 267 head of cattle then owned by defendant. It was to foreclose said chattel mortgage that plaintiff filed the instant suit on November 7, 1931.

In December, 1929, defendant sold part of the cattle embraced in said mortgage and out of the proceeds of said sale plaintiff received and applied $3,500 on said first note for $4,157, thereby reducing it, after interest was paid, to approximately $700. Thereafter no more payments were made to plaintiff until in February 1931, when defendant caused to be sent to plaintiff a check for $376 with instructions, according to defendant's testimony, to apply such money on due interest on said four notes.

The plaintiff, however, through his counsel applied this $376, to the extent of $72 on interest on the first note, and $304 on the principal of said first note, thus leaving nothing applied on interest on the second, third and fourth notes. Plaintiff claims, as one of his grounds of foreclosure, that interest due on said third and fourth notes on July 25, 1930, was not paid, and he seeks to escape the legal effect of his failure to apply said $376 payment of interest due as directed, on the alleged

ground that he notified defendant of the application made by him and that she did not protest against same.

On February 20, 1931, defendant executed and delivered to plaintiff her new note in the amount of approximately $2,200 together with a trust deed on her ranch securing such note. This note was accepted by plaintiff in payment of the balance due on the first and second notes, and wiped the slate clean as to them. But the third and fourth notes remained unpaid as to principal. On July 25, 1931, another year's interest on them was to become due. Defendant claims, and so testified, that as a part of the consideration for the execution and delivery by defendant to plaintiff of said $2,200 note and trust deed, plaintiff agreed to, and did, extend the time of payment of interest on said third and fourth notes from July 25, 1931, to December 1, 1931, which agreement, however plaintiff denies.

Plaintiff makes 11 assignments of error, but discusses only four, thereby waiving the others. The four propositions discussed are treated in the order assigned. First: Was there a default in the payment of interest? This interest was due on the last two notes on July 25, 1931, according to the face of the notes. Defendant testified she mailed check for $376, to apply on interest, and claims that had this been applied as directed by her, the interest on the first of the last two notes was thereby paid, and that as to the second, the extension of time, agreed upon at time of executing deed of trust, carried the interest paying date to December 1, 1931, which had not elapsed. Plaintiff denies the extension, and says that his counsel applied $304 on the principal and $72 on interest and so notified defendant. Defendant denies receiving this notice. It is to be noted that plaintiff took no action in the matter concerning delinquent interest from the time of the giving of the trust deed down to the commencement of this suit. Accepting plaintiff's statement, that he accepted and ap-

plied money in part payment of interest after default, as above noted, he waived the right to claim nonpayment of the balance as a basis for foreclosure.

"Although partial payments made previous to the maturity of the debt do not affect the mortgagee's right to the possession of the entire property, in the absence of a provision in the instrument to that effect, a partial payment made after default and accepted by the mortgagee is to be regarded as a waiver by the latter of his strict legal rights, and the rights of the parties are the same as if payment on the indebtedness had been extended." 5 R. C. L. 463.

■ Regardless of the matter of the waiver, this dispute was conclusively determined by the jury in favor of the defendant, under the following instruction: "Instruction No. 4. You are further instructed that if you believe from the evidence that the defendant sent to the plaintiff money or its equivalent, with instructions to apply the same upon the interest due on the notes in question, that it then became the duty of the plaintiff to make such application of the money, and that a different application was made of such sum by the plaintiff, in that event the jury should consider the payment made as actually applied on the interest, unless the jury should further believe from the evidence that the application of the money to a different purpose was ratified and confirmed by the defendant with full knowledge of the different application to which the money was put."

Second: Were the grounds urged by the plaintiff sufficient to allow a foreclosure?

■ Plaintiff relies on the case of *Sills v. Hawes,* 14 Colo. App. 157, 59 Pac. 422, to support the right to determine for himself, as mortgagee, the safety of his security. Under the rule in the Sills case, supra, his determination must be reached in good faith, and his judgment founded on reasonable grounds and probable cause. He must show some ground that, in the light of reason,

would cause him to be apprehensive. As to all these necessary matters, there was in the conflicting testimony, an abundance of evidence on which a finding could be made for defendant. This was a question for the jury; it was submitted under proper instructions, and there was sufficient evidence to support the verdict which contained this language: "At the time of the commencement of this action the defendant was entitled to the possession of the cattle."

Third: Was the court in error in admitting the testimony of Webber, as to value, and testimony of defendant as to the same?

Webber testified in substance: "That he lived in Trinidad, that he had been in the business of buying and selling cattle for fifteen years, that he was acquainted with the value of cattle in Las Animas county, that he knew defendant's cattle, having seen them in 1929 and 1930." He then testified what in his opinion cattle of the grade and class of defendant's cattle would be worth in November, 1931. There was other testimony showing that defendant's cattle were in as good condition in November, 1931, as they were in 1929 and 1930. Whether Webber's opinion was admissible or not was a question for the trial court and " 'his decision is conclusive unless clearly shown to be erroneous in matter of law.' " *Hoover v. Shott,* 68 Colo. 385, 189 Pac. 848. This testimony was properly admitted.

Fourth: Was the verdict contrary to the weight of the evidence? We do not think so.

The verdict seems to be free from the effect of passion or prejudice. There was ample evidence from which the jury could have placed a higher value on the cattle. The instructions were fair to both parties, and are approved.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.