TOWN OF GLENROCK, WYOMING, a Municipal Corporation,

*Plaintiff and Appellant,*

vs.

WILLIAM ABADIE, CORA H. SKINNER, PHILLIPS PETROLEUM COMPANY, et al.,

*Defendants and Respondents.*

(No. 2580; October 27th, 1953; 262 Pac. (2d) 393).

112

## OPINION

Harnsberger, Justice:

The petition for rehearing filed by the respondent asserts that this court disregarded its time-honored rules with respect to the consideration given to the general finding of fact made by the lower court. A complete refutation of this is found in the positive statement contained in our opinion, that the case might be decided on undisputed facts, followed by the further statement, that for the purpose of the case it would be admitted that there were mistakes in the deed from Engelking to Skinner and from Skinners to the Town, and also that the Town's deed to the Skinners for a one-half interest in the minerals was made in order to compensate the Skinners for some extra land not contemplated by the parties according to their contract. In other words, for the purpose of the case, we accepted in toto the whole of the factual position taken by the respondent which included the concession that the record showed that a one-half mineral interest still remained in the Town. What ultimately became of the other one-half interest in the minerals is of no importance in this case.

We find no merit in the contention that by reasonable inference the evidence should be so enlarged as to justify a finding that there was an equitable estoppel

against the Town, because of supposed representations made by the Town's officials.

The record fails to show that the Town made any representations at all. There is no evidence that there were any representations binding upon the Town, which either denied the Town's title to the disputed mineral interest or acknowledged that such interest was owned or held by the Skinners. Where there is no precedent fact, there can be no inference. Chambers v. Hunt, 18 N.J.L. Reps. (III Harrison) 339, and the mere possibility or even probability that a resulting fact might occur or exist, does not remove the desired conclusion from the realm of speculation and conjecture which is beyond the scope of reasonable inference. See Louisville & Nashville Railroad Co. v. Mann's Adm'r., 13 S.W. (2d) 257, 258, 227 Ky. Reps. 399. This court in Wright v. Conway, 34 Wyo. 1, 51, 5°, 241 Pac. 369, 242 Pac. 1107, 1110, said—" * * * Guess-work cannot be substituted for evidence or inference, for 'an inference is the conclusion drawn on reason from premises established by proof. In a sense, it is the thing proved. Guess-work is not.' Whitehouse v. Bolster, 95 Me. 458, 50 A. 240. * * * ". And in the same paragraph, concluded, " * * * But an inference cannot be based upon a mere possibility or probability. It can only be based upon a fact proved, or something known to be true. Seavey v. Laughlin, 98 Me. 517, 57 A. 796. * * *"

Also in Wright v. Conway, ante, pp. 47, 48, 242 Pac., 1107, 1109, it was said:

"With reference to the subject in the case at bar, we think it cannot be said to have been practically impossible for the plaintiff to show whether or not an X-ray apparatus was available for the defendant's use prior to the time when it was used. *Hence the reason for the application of such a rule of inference or presumption*

*as now contended for is absent here.* The fact of availability, if it existed, might have been established, and seemingly without difficulty, leaving no reasonable ground for the application of the rule of inference with respect to the subject under consideration." (emphasis supplied).

Logically applying this pronouncement to the matter here being considered, if it was the fact that the *Town* had made the representations or committed the acts upon which an equitable estoppel could have been predicated, those facts "cannot be said to have been practically impossible" of proof. So here, too, it might well be said that "the reason for the application of such a rule of inference or presumption as now contended for is absent here."

The urged equitable doctrines or maxims, "Equity regards as done that which ought to be done" and "Equity regards substance rather than form", fail to aid the respondent, for in 19 Am. Jur. 313, 314, Sec. 454, it is correctly said:

"Courts of chancery must be guided by established rules and precedents; they cannot disregard statutory and constitutional requirements and provisions. Equity courts are bound by positive provisions of a statute equally with courts of law; and where a transaction or a contract is declared void because it is not in compliance with an express statutory or constitutional provision, a court of equity cannot interpose to give validity to such transaction or contract or any part thereof. Thus, wherever the rights or the situation of parties are clearly defined and established by law, whether it is common or statutory law, equity has no power to change or unsettle those rights or that situation, but in all such instances the maxim 'aequitas sequitur legem,' is strictly applicable."

The statute of this state (W.C.S. 1945, Sec. 3-509) limiting the time within which action might be brought to secure the relief which the respondent seeks, is a

positive provision of our law. The holding of this court was not that the Skinners never had the right to the relief which they sought, but that by virtue of a positive statute pleaded in defense, the right was lost to them.

Contrary to the negative intimation of the petition for rehearing, the respondent did take cognizance of this plea of the statute of limitations, for she pleaded an equitable estoppel against its assertion. Furthermore, during the respondent's oral argument, counsel's attention was particularly called to the plea. In addition, we, ourselves, have made a somewhat extensive research in this question of limitations, as well as the defense of equitable estoppel. Under these circumstances, we doubt that any good purpose would be served by reopening the case for the submission of further authority and argument.

We do not feel that the fact that the parties and their positions remained the same as they were when the deeds were made, as distinguished from situations where the rights of innocent purchasers for value without notice are concerned, is any defense to the running of the statute of limitations.

Neither can we agree with the suggestion that the trial court's general finding is a finding of fact that the statute of limitations does not apply. The record does not contain any evidence to support any such finding. The citation offered by petitioner as authority for this contention (54 C.J.S. 18, Sec. 118) to the effect that the statute does not commence to run until there is adverse claim or possession, is inapplicable here, for the recorded muniments of title imply the necessary possession of the subsurface, and such record title is of itself sufficient to advise of the adverse claim and the

commencement of the running of the statute of limitations.

So also the claim that this court departed from the rule that recovery must be on the strength of the Town's title rather than the weakness of the adverse claim, is wholly unfounded, inasmuch as this court simply gave proper recognition to the deeds placed on record, which deeds in themselves showed the Town to have an absolute and indefeasible title to the surface and to an undivided one-half interest in the minerals. Even conceding, as we must, that neither party was in actual physical possession of the mineral interest, the Skinners had nothing to indicate even a constructive possession, while the Town had its deed of record to that interest.

Having made careful re-examination into the matter, keeping the respondent's criticisms in mind, we remain convinced that our former decision was sound, and a rehearing of the appeal would serve no good purpose. The petition for rehearing is, therefore, denied.

*Denied.*

BLUME, C. J., concurs.

RINER, J., dissents.