No. 17,243.

BARDAY *v.* STEINBAUGH ET AL.

(272 P. [2d] 657)

Decided July 12, 1954.

Mr. JAMES J. DELANEY, Mr. JEAN J. JACOBUCCI, for plaintiff in error.

Mr. DUDLEY I. HUTCHINSON, Mr. DUDLEY I. HUTCHINSON, JR., Mr. T. HENRY HUTCHINSON, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

AMELIA BARDAY filed her complaint in the district court of Boulder county, alleging that defendants on the 29th day of June, 1951, executed and delivered to her their promissory note for $18,000.00 payable in monthly installments at $150.00 per month, the first payment to be due July 1, 1951. The note provided: In the event of default in the payment of any installment, the holder of said note, at her option, may declare the entire unpaid balance due and payable; for no interest if paid according to its terms, but ten per cent per annum interest from the date of any default until paid; and further, for attorney's fee and court costs. Plaintiff further alleged that defendants, or makers of the note, had made default; and that she, the holder of said instrument, had elected to declare the entire unpaid balance of $15,750.00 due and payable, and that demand had been made upon defendants for payment, which had been refused.

After preliminary motions were disposed of, defendants answered, generally admitting the allegations of the complaint, but denied that they were in default. After pre-trial conference, at which the trial court suggested that defendants file a motion for summary judgment, both parties filed such motion and on hearing, the trial court granted defendants' motion for judgment and dismissed plaintiff's complaint. Plaintiff seeks reversal by a writ of error.

There seems to be no dispute as to any material fact as is claimed by plaintiff in error, and the facts upon which the trial court based its judgment are, briefly, as follows:

The note was executed and delivered on June 29, 1951, as alleged, and it provided that the first installment of $150.00 be made on July 1, 1951. Payments from July through December of 1951, were by check, only two of which bore date as of the first of the month as provided in the note, the other checks ranging from the 4th day of the month to the 8th. These checks were received by plaintiff, and a check for the January 1952 payment was received by her and she admits that when she mailed the check for deposit that it was lost in the mails. She made numerous requests of defendants to make this payment. In the meantime, from January to October, 1952, defendants made their installment payments on dates varying from the 1st, to as late as the 15th of the month. The January 1952 payment, not having been made by defendants as requested, on account of the lost check, plaintiff on October 17, 1952, by registered mail, gave formal notice of her election to declare due and payable the unpaid balance of the note, coupled with a demand for interest. On October 24, more than nine months after the due date, defendants made the payment for the lost check, which payment was received by plaintiff. Thereafter, defendants, on November 6, 1952, mailed their check for $150.00, and on December 1, 1952, another check for $150.00, which checks were cashed and retained by plaintiff. Other checks that had been mailed to plaintiff were returned to defendants after she filed this suit.

There is no dispute as to the above facts as related, and the cause by the pleadings and the pre-trial memorandum, stood open for summary judgment on motion properly made.

The ruling of the trial court in granting defendants' motion for summary judgment discloses that plaintiff's

conduct in accepting delayed payments and receiving payments after her notice of election to accelerate the maturity of the note, as a matter of law, constituted a waiver of the acceleration right. This constitutes the principal ground upon which plaintiff relies for reversal of the judgment and is supported by her contention that there were no facts before the court as to the intention or understanding of the parties or their interpretations of plaintiff's conduct, or that there was any showing that either party considered such conduct as a waiver of plaintiff's rights under the note, and she further contended that they were material facts and should have been determined by the testimony of the parties before the court could properly approach an interpretation of such conduct.

The law is well settled that a payee who is given an option by the note to accelerate its payment may waive his right to such acceleration; that such waiver may be shown by mere inaction, and particularly by accepting payment of the installment or interest after the default; and more specifically by accepting payments after notice of election of acceleration. When plaintiff accepted the two payments on principal in November and December, 1952, after her notice of election in October, without notice to defendants that she was not waiving her rights as to the acceleration of the maturity date of the note, it was an absolute waiver of such right and made her notice ineffective and was, in effect, an extension of the terms of the note. Plaintiff's conduct in receiving delayed payments throughout the entire period could be relied upon by defendants and justify them in believing, and acting, on that belief, that plaintiff's right of acceleration would not be exercised without an opportunity for protection by payment of the amounts due. In this case we have not only delay in notice of acceleration, but there was a continued acceptance of nearly all payments after their due date, and in addition thereto, the acceptance of the two monthly payments after the

notice of election. The pre-trial memorandum discloses that the January and February 1953 payments were mailed to plaintiff, but returned to defendants at the time this action was commenced on February 24, 1953, thus showing that all payments then due had been attempted.

The exact situation here has not heretofore been passed upon by our Court; however, to this situation, we apply our ruling in *Thomas v. Beirne*, 94 Colo. 429, 30 P. (2d) 863, concerning the acceleration clause under a chattel mortgage, in which we quoted from 5 R.C.L., p. 463, "Although partial payments made previous to the maturity of the debt do not affect the mortgagee's right to the possession of the entire property, in the absence of a provision in the instrument to that effect, a partial payment made after default and accepted by the mortgagee is to be regarded as a waiver by the latter of his strict legal rights, and the rights of the parties are the same as if payment on the indebtedness had been extended."

■ Defendants do not in any way deny their responsibility on the note; however, in view of the disclosed facts, to require them to pay interest and penalties, as well as suddenly to have to arrange for payment of the entire indebtedness would be extremely unjust.

In keeping with the views herein expressed, we believe, and so hold, that the action of the trial court in sustaining defendants' motion for summary judgment was right, and accordingly such judgment is affirmed.