No. 17,874.

BERNARD McNALLY, ET. AL *v*. THOMAS G. CURRIGAN, PUBLIC TRUSTEE, ET AL.

(301 P. [2d] 136)

Decided September 4, 1956.

Mr. JAMES J. DELANEY, for plaintiffs in error.

Mr. WILLIAM H. SCOFIELD, for defendant in error Garnett.

No appearance for defendant in error Thomas G. Cur-

rigan ·as Public Trustee of the City and County of Denver.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiffs in error were plaintiffs and defendants in error were defendants. We will refer to the parties as they there appeared, or by name.

Plaintiffs' action was one to set aside and hold void a sale of property under a trust deed to the Public Trustee of the City and County of Denver. Upon trial plaintiffs' action was dismissed and they are here on writ of error seeking a reversal.

The record discloses that defendant Garnett was the holder of a promissory note in the sum of $12,500, dated March 18, 1947, payable in monthly installments of one hundred dollars on the eighteenth day of each month. The note was executed by Gerald L. Fiedler and Georgiana O. Fiedler, then owners of the property involved, and was secured by a deed of trust to the Public Trustee. This deed was in the usual form and provided that the Fiedlers would "in due season pay all taxes and assessments levied on said property" and keep the property insured for the benefit of the holder of said promissory note.

On June 13, 1950, the Fiedlers conveyed the property to the plaintiffs by warranty deed; this conveyance recited that the property was subject to the aforementioned deed of trust which the plaintiffs "assumed and agreed to pay." All payments of the note had been made in strict conformity to the terms thereof until the date of said conveyance after which payments were made by plaintiffs "at somewhat irregular intervals and at times and in amounts different from those specified." (We quote from the brief of counsel for plaintiffs.)

On February 7, 1951, the United States of America recorded notices of tax liens against plaintiffs' property. Plaintiffs did not pay the 1951 general and Moffat Tunnel Improvement District taxes and these were paid by defendant Garnett on January 6, 1953; he also paid a premium for insurance on the property in March, 1953. After these payments by Garnett, plaintiffs continued to make payments, the last being made on May 11, 1954.

On June 18, 1954, Garnett notified plaintiffs in writing of their defaults consisting of their failure to pay May and June 1954 installments of One Hundred Dollars each on said note and their failure to pay the general and Moffat Tunnel taxes levied against said property for the year 1953. Because of such defaults Garnett declared the entire balance due and payable pursuant to the terms of the note and deed of trust. He advised plaintiffs that they might have thirty days in which to refinance the loan. On July 20, 1954, Garnett filed with the Public Trustee his notice of election and demand for foreclosure of the deed of trust, setting forth these defaults. His counsel obtained an order from the District Court authorizing the sale by the public trustee. The trustee regularly advertised the property for public sale to be held on August 24, 1954. On that day the sale was held and the property bid in by Garnett for $9,567.25. On February 24, 1955, at 4:30 P.M. the instant action was commenced by plaintiffs seeking to "vacate, set aside and hold for naught all proceedings under purported foreclosure of the within described premises as instituted and held by the Public Trustee * * *." The Public Trustee's deed conveying the property to Garnett was issued and recorded the next day.

As a basis for the action plaintiffs alleged that they were not in default at the time the proceedings were commenced before the Public Trustee and that the United States of America has not been made a party to the proceeding. It is admitted that the United States

tax lien was junior to the Garnett trust deed and that notice of the foreclosure sale was sent and delivered to the Internal Revenue Collector of the United States for the District of Colorado.

The record discloses that Garnett, prior to the trial of this action, for a consideration paid by him, secured a release of all claims of the United States under its tax liens.

For reversal it is urged there was no default on the part of plaintiffs and that the United States was not made a party to the foreclosure proceedings in accordance with the provisions of U.S. Code Annotated, Title 28, Sec. 2410, hence it is urged the foreclosure was void.

It is claimed by counsel for plaintiffs that his clients have paid to Garnett enough one hundred dollar payments to equal the installments due on the note. This argument ignores the payment of taxes and insurance and assumes that Garnett paid these items for plaintiffs. The trust deed here considered was in the ordinary form and not an "open end" deed of trust. Payment by Garnett of the taxes and insurance premium was not a further advance of money to be repaid at the rate of one hundred dollars per month. When Garnett paid the taxes and the insurance premium he did so to protect the security. *Frost v. Fisher,* 13 Colo. App. 322, 58 Pac. 872. It is manifest that plaintiffs did not pay the May, June and July 1955 installments on the note. Such was the finding of the trial court, which is supported by all the evidence in the case. Hence, plaintiffs were in default and Garnett was entitled to foreclosure.

With reference to the claim that the foreclosure was void because certain provisions of the U.S. Code Annotated were not complied with, we need only say that was a matter between Garnett and the United States, and of which plaintiffs cannot complain. Further, it appears affirmatively that for a consideration paid by Garnett the United States waived and released all claims

against this property under the tax liens, thus removing any cloud they may have constituted on the title obtained by Garnett under the foreclosure.

Perceiving no error, the judgment is affirmed.