No. 22349.

ROBERT E. MOTLONG *v.* WORLD SAVINGS AND LOAN ASSOCIATION, A COLORADO CORPORATION.

(452 P.2d 384)

Decided April 1, 1969.

ADAMS & LOUGHLIN, THOMAS K. LOUGHLIN, for plaintiff in error.

ZALL, LUTZ & ZALL, JON ZALL, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

IN 1963 World Savings and Loan Association (hereinafter called World Savings) foreclosed through the Public Trustee a deed of trust securing a promissory note, and the next year initiated the present action for a deficiency judgment against Robert E. Motlong. After trial, judgment was entered for World Savings, and Motlong seeks reversal of that judgment.

The facts of this case may be briefly stated. In 1961, Motlong executed a promissory note for $8,200 to World Savings. The note was secured by a deed of trust. On October 3, 1963, Motlong was in default, and World Savings elected to declare the balance due under an acceleration clause, and on October 9, 1963, commenced foreclosure proceedings. On October 21, 1963, Motlong paid $307.37 to World Savings. Nevertheless, on November 7, 1963, World Savings filed its motion for an order authorizing the sale of the property under R.C.P. Colo. 120. After appropriate proceedings, the property was sold by the Public Trustee on November 26, 1963, to World Savings for $7000. Nothing in the record indicates that Motlong attempted to redeem the property.

The record also reflects that on October 3, 1963, there were two other defaults under the terms of the deed of trust. A mortgage loan ledger card, for example, shows that on the latter date World Savings paid delinquent 1962 property taxes of $151.22. The record discloses that the property secured by the deed of trust had been permitted to deteriorate to the point where there were large holes in the floor, the bannisters were torn down, the plumbing was ripped out of the walls, the electric wiring was pulled out, the plaster was torn, windows were broken and the back door was pulled off. Upon finding these conditions to be present, World Savings then had the property boarded up.

In summary, when World Savings elected to declare the balance due, Motlong was in default for nonpayment of principal, for nonpayment of taxes and for failure to keep premises in good repair. Under the terms of the deed of trust, any one of the three constituted grounds to declare the balance due. Motlong testified that he was aware of the foregoing violations of the terms of the deed of trust.

He contends, however, that when World Savings accepted the payment of $307.37, it waived its right to continue the foreclosure proceedings, and was therefore

not entitled to a deficiency judgment. We disagree and therefore affirm the judgment of the trial court.

I.

Since the point is not disputed, we assume that the October 21 payment brought the interest and principal to date. It is true, as Motlong contends, that in Colorado a mortgagee waives his right to foreclose for nonpayment of a note when, after declaring the entire obligation due under an acceleration clause, he accepts a late payment which brings the obligation to date, without advising the mortgagor that he does not intend to waive his rights to collect the entire debt. *Colorado Kenworth Corporation v. Whitworth*, 144 Colo. 541, 357 P.2d 626, 97 A.L.R.2d 990; *Barday v. Steinbaugh*, 130 Colo. 10, 272 P.2d 657.

But Motlong's argument ignores the fact that World Savings was also entitled to declare the balance due for breaches of the two other covenants. The waiver of a right to foreclose for nonpayment of principal and interest, by accepting a late payment of principal and interest after the election to declare the balance due, will not be regarded also as a waiver of the rights to foreclosure for nonpayment of taxes and for failure to keep the premises in good repair, where all defaults existed when the decision was made to declare the balance due. See *Garst v. Johnson*, 251 Ala. 291, 37 So.2d 183; *Greene v. Richards*, 244 Mass. 495, 139 N.E. 175; *Annot.*, 97 A.L.R. 2d 997, 1010-12, and cases therein cited. Consequently, while World Savings' acceptance of the payment here constituted a waiver of its right to foreclosure for nonpayment of principal and interest, it did not work a further waiver of its rights to foreclose for the failure to pay taxes, or to keep the property in repair. *Cf. McNally v. Currigan*, 134 Colo. 188, 301 P.2d 136.

II.

Instead of setting out the several grounds which would have justified foreclosure, World Savings alleged in its complaint for the deficiency judgment only that the foreclosure proceeding was based on the defaulted

payments. In view of that fact, Motlong contends that World Savings cannot now justify the foreclosure by relying on the breaches of the other covenants. We disagree.

Evidence tending to prove nonpayment of taxes and failure to repair was introduced at trial without an objection that it went to issues beyond the scope of the pleadings. Consequently, the matters were properly before the court, even though they were not pleaded. See R.C.P. Colo. 15(b); *Carlson v. Bain,* 116 Colo. 526, 182 P.2d 909.

■ We would point out that in the instant case, Motlong was fully aware of the several violations of the covenants in the deed of trust, and apparently made no effort to repair the premises or pay the taxes after he learned of the foreclosure proceedings. He made no further payments on the note after the payment of October 21, 1963. After the sale, he apparently made no attempt to redeem the property. Under the circumstances of this case, we find no error.

III.

■ One other point requires brief discussion. Although Motlong testified that he had actual notice of the foreclosure proceeding, he argues in part that there was no compliance with the statutory requirements of notice. The record reflects, however, that the notices in question were mailed to Motlong at the address given in the deed of trust. That is all that is required by C.R.S. 1963, 118-3-13(2) and R.C.P. Colo. 120. See *Watkins v. Booth,* 55 Colo. 91, 132 P. 1141.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.