The SAMUEL MARES POST NO. 8, AMERICAN LEGION, DEPARTMENT OF WYOMING, Appellant (Defendant),

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF CONVERSE, Wyoming, Appellee (Plaintiff).

No. 84–167.

Supreme Court of Wyoming.

April 8, 1985.

David D. Uchner of Lathrop & Uchner, P.C., Cheyenne, for appellant.

Craig Newman and Thomas F. Reese of Brown, Drew, Apostolos Massey & Sullivan, Casper, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

This is an appeal from a summary judgment granted in favor of appellee Board of County Commissioners (hereinafter County) in a quiet title action to the land where

the Douglas airport is situate. The County initiated the action against appellant American Legion (hereinafter Legion) and all others claiming an interest in the land adverse to the County.

We will affirm.

The Legion raises the following issues for our review:

"1. Whether or not the trial court erred in denying the Legion's request for trial by jury.

"2. The propriety of a summary judgment in light of the following considerations: (1) reformation of the 1933 Deed; (2) the specific language contained in the 1936 Deed; and (3) the claim of adverse possession."

Since we hold summary judgment was proper, the Legion's first issue regarding the propriety of the trial court's denial of a jury trial need not be addressed.

I

The facts reveal that title to the property at issue was conveyed by the Legion to the Town of Douglas by warranty deed dated May 11, 1933. This deed was recorded. On March 16, 1936, the Town of Douglas conveyed the mineral rights to the property back to the Legion under an instrument entitled "Mineral Deed," which was also recorded. Although the Legion contends this deed conveyed the entire interest in the property, the district court concluded that the 1936 deed conveyed only the mineral rights to the property. On March 29, 1959, the Town of Douglas conveyed the property to the County by way of quitclaim deed, which was recorded.

In concluding summary judgment was proper, the trial judge stated:

"Summary judgment is granted on this basis: The 1933 deed is clear and unambiguous and I can find no reason for reformation.

"As to the 1936 deed it appears to me this was a mineral conveyance and was never intended to reconvey to the American Legion anything other than a mineral interest.

"Having disposed of these two questions I find it unnecessary to address the question of adverse possession."

We hold the trial court was correct in finding no ambiguity in the 1933 deed and that the 1936 deed was only a conveyance of mineral rights.

II

We begin by citing the rules of appellate review of a summary judgment. The scope of our review of a summary judgment is to examine the judgment "in the same light as the district court, using the same material and information as did the district court." *Lane Company v. Busch Development, Inc.*, Wyo., 662 P.2d 419, 421 (1983). The moving party has the burden of proving there exists no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Larsen v. Roberts*, Wyo., 676 P.2d 1046 (1984); and *Miller v. Reiman-Wuerth Company*, Wyo., 598 P.2d 20 (1979). A material fact is one which, if proved, would have the effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties. *Shrum v. Zeltwanger*, Wyo., 559 P.2d 1384 (1977). We review the record from the vantage point most favorable to the party opposing the motion, giving to him all favorable inferences which may be drawn from the facts. *Bancroft v. Jagusch*, Wyo., 611 P.2d 819 (1980). It is a trial court's obligation, nay duty, to render summary judgment in the absence of any genuine issue of material fact:

" * * * The judgment sought [by a motion for summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * " Rule 56(c), Wyoming Rules of Civil Procedure.

The Legion claims summary judgment was improper in light of: "1) reformation of the 1933 Deed; 2) the specific language

contained in the 1936 Deed; and 3) the claim of adverse possession." Since we find summary judgment was proper inasmuch as there was no ambiguity in either the 1933 or 1936 deeds, we need not address the issue of adverse possession.

## A. *Reformation of the 1933 Deed.*

 The Legion contends that the 1933 deed, wherein the property was conveyed by warranty deed to the Town of Douglas, should be reformed to express the intent of the parties when the deed was conveyed. The Legion claims the property was conveyed to the Town of Douglas to be used solely as an airport and if the property ever ceased to be used as such, the land would revert back to the Legion. However, to permit reformation at this time, some 50 years since the execution of the deed, would be in clear violation of our ten-year statutes of limitation. Sections 1-3-103 and 1-3-109, W.S.1977.

We were faced with a somewhat similar scenario in *Town of Glenrock v. Abadie,* 71 Wyo. 414, 259 P.2d 766 (1953), reh. denied 72 Wyo. 111, 262 P.2d 393 (1953). In that case, the Town of Glenrock sought to have its title to a one-half mineral interest in certain property quieted against the grantors. The grantors cross-petitioned to have the mineral interest title quieted in them, and to have the deed reformed to reflect their intention at the time the deed was written. However, more than 30 years had elapsed since the deed was written. We held that the grantors were barred from seeking reformation under § 3-509, W.S. 1945, presently § 1-3-109, W.S.1977. We found the responsibility for omission of the proper language in the deed showing the parties' intent was that of the grantors:

"Certainly, the responsibility for the difficulty in which [grantor] finds herself rests solely with her and her deceased husband. * * * It was the [grantors'] sole fault that they conveyed to the Town more than they intended. Being themselves responsible for the errors made, and having neglected for over thirty years to institute proceedings which would in all probability have given them relief, it is now too late to complain.

\* \* \* \* \* \*

"In the case at bar, more than thirty years had elapsed since the mistake—if any—was made. If the correction may be made at this time, it might be made fifty or a hundred years from now. That cannot be the law. Some force must be given to the statutes of limitation." *Town of Glenrock v. Abadie,* supra, 259 P.2d 771–772.

In this case, more than fifty years have elapsed since the 1933 deed was written. To allow reformation would be a clear violation of the statutes of limitation and generally recognized principles of equity and sound reasoning. It is further noted that even if the Legion were allowed to seek reformation, it would be difficult at best to produce competent evidence of the parties' intent when so many years have passed since the deed's inception. There must be a finality to such actions to give deeds a certain degree of credence.

The 1933 deed is clear on its face; there is no ambiguity. It is a warranty deed that clearly conveyed the land in question with no reservations whatsoever. Inasmuch as the trial court found no ambiguity in the 1933 deed, summary judgment was proper.

## B. *The Language in the 1936 Deed.*

 The Legion claims the 1936 deed, from the Town of Douglas to the Legion, effectively reconveyed the land back to the Legion. The County contends the instrument was merely a mineral deed and, as such, only conveyed the mineral rights to the Legion. The trial court agreed with the County and found the instrument to be a mineral deed.

When the language of the 1936 deed entitled "Mineral Deed" is considered as a whole, as it must be, we find that only the mineral rights were conveyed back to the Legion. The following language is found in the deed:

"* * * With the right, privilege and easement of entering upon said lands in

searching for, drilling wells, and carrying away the oil and gas or other minerals.

"IT IS FURTHER COVENANTED AND AGREED:

"THAT in the event oil, gas or other minerals conveying hereon are found on said premises in commercial quantities and that as a result thereof it was impossible and hazardous to use said premises for an airport. Then, in that event, the said Samuel Mares Post No. 8, American Legion, shall by way of damage to the surface herein provided, secure and acquire and have on behalf of said Town of Douglas, Wyoming, other lands suitable and satisfactory to the said Town of Douglas for airport purposes.

"IT IS ALSO COVENANTED AND AGREED BY THE PARTIES:

"THAT should oil, gas or other valuable minerals be discovered in commercial quantities in some place on the land above described within a period of twenty (20) years from the date of this deed it shall thereupon become null and void without further act on the part of any party hereto and that any title conveyed herein thereupon vested upon the Town Council of the Town of Douglas, Wyoming, and this provision is agreed upon for the sole purpose of clearing the title."

■ We look to the instrument itself to determine the intent of the parties. If this is not evident from the language in the deed, resort must be made to extrinsic evidence to determine intent. We stated in *Knadler v. Adams*, Wyo., 661 P.2d 1052, 1053 (1983):

"If the intention of the grantor does not readily appear in a deed, a question of fact is presented and circumstances surrounding the language used may be resorted to in order to ascertain such intention. [Citations.] But, if the intent of the parties can be gathered from plain and unambiguous language in the deed considered as a whole, such should be done as a matter of law without reference to extrinsic evidence. [Citations.] The issue of whether or not an ambiguity

exists in an instrument is one of law. [Citation.]"

Even if we were to find the 1936 deed ambiguous, thereby resorting to extrinsic evidence, our conclusion that the deed only conveys mineral rights would be the same. The minutes from the meeting of the Douglas Town Council on March 16, 1936, clearly show that only the mineral rights were intended to be transferred:

"The matter of the mineral rights on the airport was taken up and a committee from the American Legion met with the Town Council and upon motion duly made, seconded and unanimously carried all rules prohibiting passage of a resolution were suspended and upon motion duly made, seconded and unanimously carried the following resolution was unanimously adopted:

## "RESOLUTION

"THAT WHEREAS it appearing that on the 11th day of May, A.D. 1933, the Samuel Mares Post No. 8, American Legion Department of Wyoming, State of Wyoming, did by warranty deed transfer certain lands known as the Douglas Airport to the Town Council of the Town of Douglas for airport purposes.

"THAT at the time of the transfer it was the intent of said Samuel Mares Post No. 8, American Legion, that the oil and mineral rights under said land should be reserved to the said Samuel Mares Post No. 8, American Legion.

"NOW THEREFORE be it resolved that the Mayor and Town Clerk be, and they are hereby authorized to execute a mineral deed covering said premises to Samuel Mares Post No. 8, American Legion, Department of Wyoming, State of Wyoming, and that said mineral deed be in the word and form as follows, to-wit: * * * "

The exact language of the 1936 deed follows. We find the 1936 deed conveyed only mineral rights to the Legion and the trial court was correct in so holding.

We have held summary judgment proper in contract cases where the language of a contract is clear. *Dudley v. East Ridge Development Company,* Wyo., 694 P.2d 113 (1985).

> "Summary judgment may be utilized and is appropriate in contract cases; and if the language of a contract is plain and unequivocal, that language is controlling and the construction of its provisions is for the court as a matter of law. [Citations.]" *Kuehne v. Samedan Oil Corporation,* Wyo., 626 P.2d 1035, 1039 (1981).

See also *Madison v. Marlatt,* Wyo., 619 P.2d 708 (1980); and *Amoco Production Company v. Stauffer Chemical Company of Wyoming,* Wyo., 612 P.2d 463 (1980). The concepts stated in the above cited cases also apply to the interpretation of a deed.

We find the trial court's granting of summary judgment was proper in this case.