**Sally N. Jones FITCH,**
**Appellant (Defendant),**

v.

**BUFFALO FEDERAL SAVINGS AND LOAN ASSOCIATION, a corporation organized and existing under the laws of the United States of America, Appellee (Plaintiff).**

No. 87–227.

Supreme Court of Wyoming.

March 25, 1988.

James P. Castberg, Cheyenne, for appellant.

John R. Perry of Goddard, Perry & Vogel, Buffalo, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

Appellant Sally Fitch challenges an order granting summary judgment in favor of appellee Buffalo Federal Savings and Loan Association. Appellant defaulted on a promissory note, and appellee foreclosed on the property securing that debt. Foreclosure was by advertisement and sale under a power of sale clause in the mortgage. The proceeds of the sale were applied to the debt and appellee sued appellant for the deficiency. The trial court granted appellee summary judgment on that suit. Appellant presents two issues in her appeal:

"I. There is no statutory authority or judicial precedence which gives the Appellee the right to sue for a deficiency after foreclosure and sale of a mortgage by advertisement.

"II. Appellee by its failure to advise and inform Appellant of her possible liability in the event of a deficiency should be estopped from bringing an action to recover a deficiency."

We affirm.

On August 2, 1982, appellant signed a promissory note for $130,000 principal with interest at 17¼ percent. Appellee secured the debt with a real estate mortgage on property owned by appellant located in Johnson County, Wyoming. The mortgage contained a power of sale provision, and further stated that, upon default, the mortgagee could invoke " * * * any other remedies permitted by applicable law. * * *" The mortgage did not expressly warn the mortgagor that a suit for deficiency was possible after a foreclosure by advertisement and sale.

By October 22, 1986, appellant was in default on the note and had received notice of that fact. Appellee gave her until November 21, 1986, to remedy the default. She was warned that failure to pay the loan up to a current status would result in acceleration of the debt and foreclosure on the property under the mortgage by power of sale. The notice also told her of her rights to bring suit to assert that no default had occurred or for breach of the terms of the note. Appellant was unable to pay the loan to current status and on November 25, 1986, appellee sent her a notice of foreclosure by advertisement and sale.

Appellee published proper notice in a local newspaper in December 1986 and January 1987, stating that public sale would occur on January 13, 1987, at 10:00 a.m. on the steps of the Johnson County Courthouse. The sheriff conducted the sale as advertised, selling the property to appellee for a high bid of $66,000, and certified that the sale was fair and lawful in all respects. Appellee applied the $66,000 to the $150,-209.17 balance on the note, leaving a deficiency of $84,209.17.

Appellee then filed a complaint in district court on February 17, 1987, seeking a judgment for the deficiency on the note, interest and attorney's fees. Appellant answered, admitting the facts set out above concerning the default, foreclosure and sale. She argued, however, that appellant's election to foreclose and liquidate the property under power of sale operated to extinguish the remaining debt on the note. The answer also asserted equitable estoppel as an affirmative defense.

Appellee moved for summary judgment on May 15, 1987. After a continuance, appellant traversed appellee's motion and filed her own motion for summary judgment. Appellee traversed that motion, and argument on both motions took place on July 14, 1987. The court considered both motions and entered the order appealed from on August 18, 1987.

The material facts in this case are not disputed and the issues presented concern matters of law. *Boehm v. Cody Country Chamber of Commerce,* Wyo., 748 P.2d 704, 710 (1987).

## DEFICIENCY AFTER FORECLOSURE UNDER POWER OF SALE

█ The fact pattern set out above is a side effect of Wyoming's "boom and bust" economy. Appellant executed a promissory note secured by a mortgage when land prices and interest rates were high. She defaulted and the mortgage was foreclosed upon when land values were low. As a result, the mortgagee's bid on the property at the sheriff's sale reduced the outstanding debt on the loan by less than half. The lender now has the land and expects to be fully paid on the note. The mortgagor would rather not think about the inevitable deficiency judgment and a possible rendezvous with the bankruptcy courts. Chances are that the mortgagee's best hope to recover on the note is through a prompt resale of the property. Wechsler, *Through the Looking Glass: Foreclosure by Sale As De Facto Strict Foreclosure—An Empirical Study of Mortgage Foreclosure and Subsequent Resale,* 70 Cornell L.Rev. 850, 876–878, 895–896 (1985). Unfortunately for appellant, Wyoming mortgage law convinces us that a deficiency action after foreclosure by power of sale is proper.

█ Wyoming is a "lien theory" mortgage state in which a mortgagor has a statutory right of redemption after mortgaged property has been foreclosed upon and sold. Section 1–18–103(a), W.S.1977 (Cum.Supp.1987) provides:

"(a) Except as provided with respect to agricultural real estate, it is lawful for any person, his heirs, executors, administrators, assigns or guarantors whose real property has been sold by virtue of an execution, decree of foreclosure, *or foreclosure by advertisement and sale* within three (3) months from the date of sale, to redeem the real estate by paying to the purchaser, his heirs, executors, administrators or assigns, or to the sheriff or other officer who sold the property, for the benefit of the purchaser, the amount of the purchase price or the amount given or bid if purchased by the

execution creditor or by the mortgagee under a mortgage, together with interest at the rate of ten percent (10%) per annum from the date of sale plus the amount of any assessments or taxes and the amount due on any prior lien which the purchaser paid after the purchase, with interest. On payment of this amount the sale and certificate granted are void." (Emphasis added.) This statutory right of redemption expressly applies to foreclosure sales based on judicial decree, execution or advertisement and sale.

The Wyoming legislature has also attempted to promote mortgage lending by statutorily providing for foreclosure by advertisement and sale pursuant to a valid power of sale clause in a mortgage or deed of trust. See generally §§ 34–3–101 through 34–4–113, W.S.1977. These statutes allow borrowers and lenders to agree ahead of time, in the mortgage, that foreclosure need not take place only after a long judicial procedure. Where the power of sale is reserved, and the statutory advertisement and sale procedures are followed, no judicial supervision of the foreclosure and sale is required. These statutes do not place any limits on the foreclosing mortgagee's right to seek a deficiency judgment when the foreclosure sale does not bring proceeds sufficient to satisfy the mortgage debt. Further, we can find no other legal precedent in Wyoming, statutory or otherwise, limiting this type of suit for a deficiency judgment. Considering the statutory right to redemption set out in § 1–18–103(a), the right to sue for a deficiency is logical to bind a mortgagor to the terms of the initial bargain and prevent redemption at a deflated price after foreclosure.

Appellant urges that this void in the Wyoming mortgage statutes should be interpreted to mean that a mortgagee must seek his deficiency in an initial suit on the note and the mortgage before foreclosure. She directs us to the statutes of other states that protect certain mortgagors from post-foreclosure sale deficiency suits.[1]

Some western states protect mortgagors by prohibiting deficiency judgments after foreclosure on mortgages or deeds of trust by advertisement and sale. See Alaska Stat. § 34.20.100 (1985) (deeds of trust); Ariz.Rev.Stat.Ann. §§ 33–729, 33–730, 33–814(A), (E) (1974) (purchase money mortgages and deeds of trust on residential property of two and one-half acres or less); Cal.Civ.Proc.Code §§ 580(b), 580(d) (West 1976) (purchase money mortgages and deeds of trust on one to four family dwellings); Mont.Code Ann. § 71–1–304 (1987) (deeds of trust on fifteen acres or less); N.D.Cent.Code §§ 32–19.1–01, 32–19.1–07 (1976 & Cum.Supp.1987) (any mortgage on forty acres or less executed under Short Term Mortgage Redemption Act); Ore. Rev.Stat. § 86–770(2) (1987) (deeds of trust on noncommercial property); Wash.Rev. Code § 61.24.110 (Cum.Supp.1987) (deeds of trust). See also Annotation, *Mortgages: Effect Upon Obligation of Guarantor or Surety of Statute Forbidding or Restricting Deficiency Judgments*, 49 A.L.R.3d 554 (1973 and Supp.1987). The Montana Supreme Court recently broadened that state's statutory bar against deficiency judgments after advertisement and sale foreclosures on deeds of trust. The Montana statutory bar now applies even when a deed of trust is foreclosed upon through a judicial proceeding. *First State Bank of Forsyth v. Chunkapura*, Mont. 734 P.2d 1203, 1208–1209 (1987). Montana also prohibits a deficiency judgment following any foreclosure on a purchase price mortgage. Mont.Code Ann. § 71–1–232 (1987).

Other states allow deficiency suits but require judicial supervision in valuing the property to determine the amount of the deficiency after foreclosure by advertise-

---

1. These statutes often arise in connection with power of sale foreclosures on deeds of trust. Deeds of trust are similar to power of sale mortgages because foreclosure and sale take place without judicial supervision. Unlike Wyoming's power of sale statutes, many deed of trust schemes provide for little or no time for statutory redemption after sale. See, e.g., Mont. Code Ann. §§ 71–1–228, 71–1–318(3) (1987) (providing no period of redemption when a new deed of trust issues after foreclosure and sale).

ment and sale and/or judicial decree.[2] See Cal.Civ.Pro. Code § 580(a) (1976), § 726 (Cum.Supp.1988) (nonpurchase money deeds of trust, nonpurchase money mortgages foreclosed by suit); Idaho Code § 6–108 (1979), § 45–1512 (1977) (any mortgage foreclosure, deeds of trust); Nev.Rev. Stat.Ann. §§ 40.455 through 40.459 (1986 & Cum.Supp.1987) (deeds of trust); N.M.Stat. Ann. § 48–10–17 (1987 Replacement) (deeds of trust); N.D.Cent.Code §§ 32–19–06, 32–19–07 (1976) (any mortgage foreclosures not under Short Term Mortgage Redemption Act, deeds of trust); Okla.Stat.Ann. § 12–686 (1960) (foreclosure on a mortgage or deed of trust by suit); Utah Code Ann. § 57–1–32 (1986), § 78–37–2 (1987) (deeds of trust, mortgage foreclosures by suit). In Oklahoma, a mortgagee seeking a deficiency judgment after foreclosure by advertisement and sale must file a deficiency action within ninety days after the date of sale. The mortgagor then has the burden to prove that the fair market value of the property on the date it was sold was higher than the actual sale price. Okla.Stat.Ann. § 46–43(2)(d) (Cum.Supp.1988). North Dakota delegates the task of valuing property foreclosed by suit to a jury. N.D.Cent. Code § 32–19–06 (1976). Washington allows a deficiency judgment after foreclosure by suit, but in the judicial proceeding the trial court may judicially notice relevant economic conditions and then set an "upset price" which establishes the minimum value that must be bid for the property to determine the amount of deficiency. Wash.Rev.Code § 61.12.060 (1985).

Other western states have no statutory restrictions at all on the right to sue for a deficiency remaining after foreclosure on a mortgage or deed of trust under power of sale. In Colorado, a deficiency action is most likely to follow foreclosure and sale on a deed of trust. See, e.g., *Motlong v. World Savings and Loan Association*, 168 Colo. 540, 452 P.2d 384, 386 (1969); and

Col.Rev.Stat. §§ 38–37–105 through 38–37–144 (Cum.Supp.1987) (all deeds of trust are held by a public trustee and sale occurs only after court order). Hawaii provides mortgagees even more latitude because its statutes do not provide a statutory period of redemption after sale whether foreclosure is under power of sale or by suit. Haw.Rev.Stat. §§ 667–1 through 667–10 (1985). Like Wyoming, these two jurisdictions have no appellate authority addressing the availability of a deficiency action after foreclosure by advertisement and sale.

■ These statutes and our research lead us to two conclusions: (1) many state legislatures have decided statutorily to protect certain mortgagors from deficiency judgments; and, (2) where a state legislature has not passed such protection into law, deficiency judgments after foreclosure by advertisement and sale, on deeds of trust or purchase money mortgages, are allowed when the foreclosure and sale was proper and equitable. 55 Am.Jur.2d Mortgages § 905, pp. 784–785 (1971 & Cum. Supp.1986). See generally G. Nelson and D. Whitman, *Real Estate Finance Law*, §§ 8.1–8.3, pp. 594–615 (2d ed. 1985). Our legislature has protected power of sale mortgagors by granting them an unqualified three-month statutory period of redemption following *any* foreclosure and sale. A mortgagor also is free to challenge a declaration of default by lawsuit. Further, a defaulting mortgagor can contest the propriety of an advertisement and sale foreclosure in equity. We will not legislate protections from deficiency judgments after foreclosure by advertisement and sale, where our legislature has not provided for them in plain and unambiguous language. That is not our function. See *D & L Building, Inc. v. Maltby Tank and Barge, Inc.*, Wyo., 747 P.2d 517, 520 (1987).

---

**2.** Statutes or case law in some western states may require that an action for deficiency remaining after *judicial* foreclosure and sale must be incorporated in the initial foreclosure action. This is often referred to as the "one-action rule" and does not apply where foreclosure is by statutory advertisement and sale of a power of sale mortgage or deed of trust. See G. Nelson and D. Whitman, *Real Estate Finance Law,* § 8.2 pp. 598–600 (2d ed. 1985). In Wyoming, mortgagees foreclosing by suit reserve the right to seek a deficiency after sale in the original foreclosure action. See E. Rudolph, *The Wyoming Law of Real Mortgages,* p. 42 (1969).

## ESTOPPEL

Appellant next argues that appellee should have expressly stated in its mortgage that it would seek a deficiency judgment after advertisement and sale if necessary. The absence of such a clause, it is urged, should estop appellee from bringing this deficiency action, because appellant had no notice of the possibility for a deficiency action when she signed the mortgage. In *Roth v. First Security Bank of Rock Springs,* Wyo., 684 P.2d 93, 96 (1984), we stated:

"Equitable estoppel precludes a party who knows the truth from denying the assertion of any material fact with which he induced another to change his position where such other person is ignorant of the facts, had a right to rely upon the assertions, and suffers an injury. 28 Am.Jur.2d Estoppel and Waiver § 27. Estoppel arises only when a party, by acts, conduct, or acquiescence causes another to change his position. *Boise Cascade Corp. v. First Security Bank of Anaconda,* 183 Mont. 378, 600 P.2d 173 (1979). The elements consist of a lack of knowledge, reliance in good faith, and action or inaction which results in an injury. 28 Am.Jur.2d Estoppel and Waiver § 35. We have stated that two necessary components of equitable estoppel are (1) that the party lacked the knowledge of the facts and was without means to discover them; and (2) that he relied upon the actions of the parties sought to be charged and changed his position. * * *"

■ Appellant argues that silence in the mortgage concerning a possible deficiency action, was the denial of a material fact that induced her to sign the note and mortgage. She claims to have been ignorant of that possibility and to have relied upon the express terms and covenants in the mortgage when making her decision to sign the promissory note. This argument ignores the fact that appellant is imputed to have had constructive knowledge of the possibility of a deficiency action after foreclosure by advertisement and sale. As explained above, there has never been any indication in the Wyoming statutes or common law

that a deficiency action could not occur following foreclosure by advertisement and sale. Both parties had an equal opportunity to investigate this fact. Appellant was informed in the mortgage that appellee could invoke any legal remedy available to it. Therefore, appellee's silence on the matter cannot work an estoppel. See 28 Am.Jur.2d Estoppel and Waiver § 53, p. 667 (1966 & Cum.Supp.1986).

A borrower would have less to complain about if all mortgagees were to spell out exactly what course they might follow when a borrower defaults on a promissory note or in the mortgage. The legislature might, at some point, require such a disclosure. For now though, a deficiency action after foreclosure by advertisement and sale is legal and mortgagors should be aware of that possibility.

Affirmed.

URBIGKIT, J., filed a dissenting opinion.

URBIGKIT, Justice, dissenting.

This decision brings mortgagee, as the drafter of the loan documents, more rights than it chose to claim by the written agreement. In absence of a mortgage provision impressing an obligation for deficiency after a power-of-sale foreclosure, I would hold, at least where the lender as seller under the mortgage is also the purchaser, that no deficiency rights should be created by court decision for the underbidding lender. Rights of the mortgagee should not be expanded beyond what it did obtain by agreement or may be mandated by procedural statute. The latter, of course, does not exist in Wyoming, and consequently is not applicable to this controversy. I would consequently apply to it the standard that what you get is what you bargained to receive. *State Farm Mutual Auto Insurance Co. v. Petsch,* 261 F.2d 331 (10th Cir.1958); *Adobe Oil & Gas Corporation v. Getter Trucking, Inc.,* Wyo., 676 P.2d 560 (1984); *McCartney v. Malm,* Wyo., 627 P.2d 1014 (1981).

Since for whatever reasons of contractual attainment the printed mortgage form as

used by this lender in this case did omit any deficiency judgment provision upon foreclosure under the power-of-sale statute, I would leave it with rights limited to the written bargain, and reverse the summary judgment.