**Cecil S. WOOD and Edna M. Wood, husband and wife, Appellants (Plaintiffs),**

v.

**BOARD OF COUNTY COMMISSIONERS OF FREMONT COUNTY, State of Wyoming Appellee (Defendant).**

**No. 88-33.**

Supreme Court of Wyoming.

Aug. 22, 1988.

Before BROWN, C.J., THOMAS, CARDINE and MACY, JJ., and ROONEY, J. Retired.

BROWN, Chief Justice.[1]

Appellants Cecil and Edna Wood, husband and wife, appeal summary judgment favoring appellee, the Board of County Commissioners for Fremont County, Wyoming. By a 1948 warranty deed appellants conveyed land in Riverton, Wyoming, to Fremont County for the construction of a county hospital. They now contend that language in the deed created either a fee simple determinable or a fee simple subject to a condition subsequent with a right of reversion in them if the land ceased to be used for the hospital. They present three issues:

A. Whether the district court erred by granting appellee's motion for summary judgment.

B. Whether the district court erred by failing to grant appellant's motion for partial summary judgment.

C. Whether cessation of appellee's hospital operation by sale of public hospital facilities to a private company constituted the occurrence of an event which divested appellee of its estate in property conditionally conveyed by appellants.

The trial court found that appellants retained no interest in the land surrounding and under the old county hospital as a matter of law. We affirm.

On September 1, 1948, by warranty deed, appellants conveyed

[a] tract of land situated in the SE¼SW¼, Sec. 26, Township 1, North Range 4 East, W.R.M., Fremont County, Wyoming, described * * * as follows: Beginning at the Southwest corner of said SE¼SW¼, Sec. 26, aforesaid, thence east along the South line of said Section 310 feet, thence North at right angles to said South line 297 feet, thence West on a line parallel to said South line 310 feet, thence South 297 feet to the point of beginning, containing 2.1 acres * * *. Said tract is conveyed to Fremont County *for the purpose of constructing and*

---

David B. Hooper and Kenneth E. Spurrier of Hooper Law Associates, P.C., Riverton, for appellants.

Stuart R. Day of Williams, Porter, Day & Neville, P.C., Casper, for appellee.

1. Chief Justice, Retired, June 30, 1988.

*maintaining thereon a County Hospital in memorial to the gallant men of the Armed Forces of the United States of America from Fremont County, Wyoming * * *.* (Emphasis added.)

This deed was recorded in the Fremont County Clerk's Office on December 14, 1948. Appellee constructed a hospital on the land and operated it there until November 18, 1983. At that time appellee sold the land and the original hospital facility to a private company. The buyer operated a hospital on the premises until September, 1984, at which time it moved the operation to a newly constructed facility. The private company then put the premises up for sale.

Appellants filed their complaint in this case on January 16, 1986, seeking recovery of the value of the land they conveyed to the county in 1948. Appellee answered, and after discovery, filed a motion for summary judgment on October 14, 1987. Appellants filed their own motion for partial summary judgment on December 11, 1987. The trial court heard the motions on December 15, 1987, and granted summary judgment favoring appellees on January 13, 1988. This appeal followed.

The facts in this case are not in dispute and we review this order for summary judgment as a matter of law. *Fitch v. Buffalo Federal Savings and Loan Association,* 751 P.2d 1309, 1311 (Wyo.1988). Appellants' argument boils down to whether or not the language " * * * for the purpose of constructing and maintaining thereon a County Hospital in memorial to the gallant men of the Armed Forces of the United States of America from Fremont County, Wyoming * * * " in the 1948 warranty deed is sufficient limiting language to create either 1) a fee simple determinable, or 2) a fee simple subject to a condition subsequent giving appellants title to the land. We review disputed language in a deed to determine the intent of the parties to it from the plain language in the deed considered as a whole. *Samuel Mares Post No. 8, American Legion, Department of Wyoming v. Board of County Commissioners of the County of Converse,* 697 P.2d 1040, 1043 (Wyo.1985)

(quoting *Knadler v. Adams,* 661 P.2d 1052, 1053 (Wyo.1983)). Also, W.S. 34-2-101 (1977) provides, in pertinent part:

[E]very conveyance of real estate shall pass all the estate of the grantor * * * unless the intent to pass a less estate shall expressly appear or be necessarily implied in the terms of the grant.

 A fee simple estate in land that *automatically* expires upon the happening of a stated event, not certain to occur, is a fee simple determinable. Restatement of Property § 44 at 121 (1936). In *Williams v. Watt,* 668 P.2d 620, 627 (Wyo.1983), we said:

The existence of an estate in fee simple determinable requires the presence of special limitations. Restatement of the Law of Property, § 44, p. 121. The term 'special limitation' denotes that part of the language of a conveyance which causes the created interest automatically to expire upon the occurrence of the stated event. Restatement of the Law of Property, § 23, p. 55. An estate in fee simple determinable may be created so as to be defeasible upon the occurrence of an event which is not certain ever to occur. Restatement of the Law of Property, § 44, p. 125.

Words such as "so long as," "until," or "during" are commonly used in a conveyance to denote the presence of this type of special limitation. *Lacer v. Navajo County,* 141 Ariz. 396, 687 P.2d 404, 408-409 (App.1983). See also Restatement of Property § 44 at 128 (1936). The critical requirement is that the language of special limitation must clearly state the particular circumstances under which the fee simple estate conveyed might expire. See T. Bergin and P. Haskell, *Preface to Estates in Land and Future Interests* 48 (2d ed. 1984). Language of conveyance that grants a fee simple estate in land for a special purpose, without stating the special circumstances that could trigger expiration of the estate, is not sufficient to create a fee simple determinable. *Lacer v. Navajo County,* 687 P.2d at 408 (quoting Restatement of Property § 44 comment m at 129-130 (1936)).

The plain language in the 1948 deed, stating that appellants conveyed the land to Fremont County for the purpose of constructing a county hospital, does not clearly state that the estate conveyed will expire automatically if the land is not used for the stated purpose. As such, it does not evidence an intent of the grantors to convey a fee simple determinable, and we hold that no fee simple determinable was created when the land was conveyed.

Use of the language conveying the land in "memorial" similarly fails to create a fee simple determinable. "Memorial" is defined in Webster's Third New International Dictionary 1409 (1971) as

[s]omething that serves to preserve memory or knowledge of an individual or event.

The time for which the hospital should serve to "preserve" the memory or knowledge is not stated in the deed, just as the time for maintaining the hospital is not there stated. The language of conveyance fails to designate the time at which the hospital must be constructed as well as the time during which it must be maintained or during which the indicated memory must be preserved. The omission of such limiting language evidences an intent not to convey a fee simple determinable.

Similar reasoning applies to appellants' assertion that the language of conveyance created a fee simple subject to a condition subsequent. A fee simple subject to a condition subsequent is a fee simple estate in land that gives the grantor a *discretionary* power to terminate the grantee's estate after the happening of a stated event, not certain to occur. Restatement of Property § 45 at 133 (1936 & Supp. 1948). This type of interest is similar to the fee simple determinable in that the language of conveyance must clearly state the grantor's intent to create a discretionary power to terminate the estate he conveys. *Lacer v. Navajo County*, 687 P.2d at 409 (quoting Restatement of Property § 45 comments i and j at 138–139 (1936 & Supp.1948). Words commonly used in a conveyance to denote the presence of a fee simple estate subject to a condition subsequent include "upon express condition that," "upon condition that," "provided that," or "if." Restatement of Property § 45 comments j through o at 139–143 (1936). In *J.M. Carey & Brother v. City of Casper*, 66 Wyo. 437, 213 P.2d 263, 268 (1950), we quoted 19 Am.Jur. Estates § 65 at 527 (1939), which said:

It is a well-settled rule that conditions tending to destroy estates, such as conditions subsequent, are not favored in law. They are strictly construed. Accordingly, no provision will be interpreted to create such a condition if the language will bear any other reasonable interpretation, or unless the language, used unequivocally, indicates an intention upon the part of the grantor or devisor to that effect and plainly admits of such construction. [Citations.]

That rule has not lost its potency. Applying it to this case, we hold that the plain language of the 1948 warranty deed, while articulating that the land conveyed was to be used for a county hospital, does not clearly state an intent of the grantors to retain a discretionary power to reenter the land if the land ceased to be used for the stated purpose. Appellants did not convey a fee simple subject to a condition subsequent, and we will not create one by construction some forty years after the conveyance took place.

Summary judgment is affirmed.